# EDELMAN, DIRECTOR, DEPARTMENT OF PUBLIC AID OF ILLINOIS *v.* JORDAN

No. A–51(72–1410).   Decided July 19, 1973

See: 472 F. 2d 985.

MR. JUSTICE REHNQUIST, Circuit Justice.

Application has been made to me by petitioner Edelman to stay the mandate and judgment of the Court of Appeals for the Seventh Circuit pending review of that judgment by this Court on writ of certiorari.   Certiorari was granted on June 11, 1973, 412 U. S. 937, and therefore the critical question present in most stay applications—whether or not four Justices of this Court would vote to grant certiorari—is here already resolved.   The judgment

which is to be reviewed affirmed a District Court judgment holding certain procedures of the Illinois Department of Public Aid to be inconsistent with regulations promulgated by the Department of Health, Education, and Welfare, and therefore invalid to the extent that the State was receiving federal funds for this particular welfare program. Portions of the District Court's judgment, entered on March 15, 1972, are in their application prospective only, but paragraph 5 directs that lump-sum payments be made retroactively to applicants who, in the view of the District Court and of the Court of Appeals, should have received benefits but did not because of the Illinois procedures held invalid. Paragraph 6 of the judgment directs that petitioner's predecessor within 15 days from its date submit to the Court a detailed statement as to the method for effectuating the relief required by paragraph 5.

I seriously doubt whether certiorari would have been granted in this case had it not been for the presence of paragraphs 5 and 6 in the judgment of the District Court. While the entire judgment will be before this Court for review, I am inclined to think that four Justices of this Court would not have voted to grant certiorari to review those portions of the judgment which are in their effect prospective only. I therefore deny the application for the stay of the mandate and judgment of the Court of Appeals as to those portions of the District Court's judgment other than paragraphs 5 and 6.

Insofar as paragraphs 5 and 6 of the judgment are concerned, the decision of the Court of Appeals for the Seventh Circuit in this case conflicts with a judgment of the Court of Appeals for the Second Circuit in *Rothstein* v. *Wyman,* 467 F. 2d 226 (1972). If paragraph 5 of the judgment is not stayed, I would think it extremely unlikely that petitioner, should he succeed in this Court, would be able to recover funds paid out under

that paragraph to respondent welfare recipient and members of the class he represents. Respondent, on the other hand, will be able to collect from petitioner all of the back payments found due under paragraph 5 should he prevail. A substantial legal question being present, these equities lead me to conclude that paragraph 5 should be stayed.

Respondent argues that even though paragraph 5 be stayed, paragraph 6 should be left in effect pending review here. The late Judge Napoli, however, in framing paragraph 6 apparently thought that it could be complied with in a period of 15 days; given the length of time already consumed by appellate review in this case, the addition of another two weeks following a conclusion by this Court favorable to respondent is not a matter of controlling significance in deciding the application for the stay. It is also conceivable that paragraph 5 of the judgment, with its detailed specifications as to dates, might be modified by this Court on appeal. Thus the procedures developed under paragraph 6 might prove to be entirely useless, and a new set of procedures necessitated, not only on the hypothesis of outright reversal by this Court, but on the hypothesis of modification and affirmance.

On the basis of the foregoing considerations, an order will be entered staying paragraphs 5 and 6 of the judgment of the District Court in this case until further order of this Court.