COLEMAN, SECRETARY OF TRANSPORTATION
*v.* PACCAR INC. ET AL.

No. A–651. Decided February 2, 1976

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant Secretary of Transportation has moved to vacate a stay order entered by the United States Court of Appeals for the Ninth Circuit in a case presently pending before that court. The case arose in that court by reason of a petition for review of amendments to a motor vehicle safety standard promulgated by the Secretary's delegate on November 12, 1974, and scheduled to take effect on March 1, 1975. (MVSS–121; see 49 CFR § 571.-121). The original petition for review in the Court of Appeals was filed by respondent PACCAR on January 3, 1975, and meanwhile two other challenges to the same standard filed in two other Courts of Appeals were transferred to the Court of Appeals for the Ninth Circuit and consolidated with PACCAR's challenge. PACCAR moved to stay the effective date of the regulation in the Court of Appeals for the Ninth Circuit, but its motion was denied on February 10, 1975. Oral argument on the

1301

merits of the petition for review was set by the Court of Appeals for January 16, 1976. In December 1975, the Secretary's delegate gave notice that he proposed to modify the standard in question, and the Secretary moved in the Ninth Circuit to postpone oral argument until after the modification. The Court of Appeals advised counsel for the Secretary to appear at oral argument on January 16, 1976, as scheduled.

Following oral argument, the Court of Appeals entered the following order:

> "IT IS HEREBY ORDERED that [the motor vehicle safety standard] is stayed for a period of sixty days, this stay to remain in effect thereafter pending further order of this court upon the application of any party."

It is incumbent upon me first to determine whether I have jurisdiction to grant the relief requested by the Secretary. This case does not come before me in the usual posture of a stay application, where a court of appeals has rendered a judgment disposing of a case before it and the losing litigant seeks a stay of the judgment of the court of appeals pending the filing of a petition for certiorari to review that judgment in this Court. There the question is whether four Justices are likely to vote to grant certiorari, and what assessment is to be made of the equities pertinent to the grant of such interim relief. *Edelman* v. *Jordan,* 414 U. S. 1301 (1973) (REHNQUIST, J., in chambers). Here the Court of Appeals has not finally disposed of the case; indeed, it has not ruled on the merits nor apparently rescheduled oral argument on the question presented by the petition for review of the safety standard.

Pursuant to Rules 50 and 51 of this Court I have authority as Circuit Justice to take any action which the full Court might take under 28 U. S. C. § 1651. But

even the full Court under § 1651 may issue writs only in aid of its jurisdiction. The Secretary contends that the Court of Appeals' stay order is the equivalent of a preliminary injunction which, if issued by a three-judge district court, would be reviewable here. Certainly the full Court, in the exercise of its normal appellate jurisdiction, has noted probable jurisdiction, heard argument, and written opinions in cases where the district court has issued only a preliminary injunction. See *Brown* v. *Chote,* 411 U. S. 452 (1973); *Withrow* v. *Larkin,* 421 U. S. 35 (1975). But in each of those cases the action of the District Court was made appealable to this Court by statute. 28 U. S. C. § 1253. There is no similar provision for appeal *eo nomine* from an interlocutory order of a court of appeals.

This Court has jurisdiction to review by certiorari any case in a court of appeals, 28 U. S. C. § 1254. Although the Secretary is not presently seeking certiorari from this Court in order to review the stay order of the Court of Appeals, if I have authority as Circuit Justice to vacate the stay, it must be on the ground that the vacation of the stay is "in aid of this Court's jurisdiction" to review by certiorari a final disposition on the merits of respondents' petition to review and set aside the safety standard in question. See *McClellan* v. *Carland,* 217 U. S. 268, 279–280 (1910).

The closest opinions in point seem to be the in-chambers opinions of my Brother MARSHALL in *Holtzman* v. *Schlesinger,* 414 U. S. 1304 (1973), and of Mr. Justice Black in *Meredith* v. *Fair,* 83 S. Ct. 10, 9 L. Ed. 2d 43 (1962). Both opinions considered on their merits motions to vacate interlocutory stays issued by a judge or panel of judges of a Court of Appeals; in *Holtzman* the motion was denied and in *Meredith* it was granted. 1 think the sense of the two opinions, and likewise that of

Mr. Justice Douglas' dissent in *Schlesinger* v. *Holtzman,* 414 U. S. 1321, 1322 (1973), is that a Circuit Justice has jurisdiction to vacate a stay where it appears that the rights of the parties to a case pending in the court of appeals, which case could and very likely would be reviewed here upon final disposition in the court of appeals, may be seriously and irreparably injured by the stay, and the Circuit Justice is of the opinion that the court of appeals is demonstrably wrong in its application of accepted standards in deciding to issue the stay. A narrower rule would leave the party without any practicable remedy for an interlocutory order of a court of appeals which was *ex hypothesi* both wrong and irreparably damaging;* a broader rule would permit a single Justice of this Court to simply second-guess a three-judge panel of the court of appeals in the application of principles with respect to which there was no dispute.

The Secretary contends that since the action of the Court of Appeals is equivalent to a preliminary injunction issued by a district court, the Court of Appeals should be required to make the same sort of findings

---

*The losing litigant could, of course, petition this Court for a writ of certiorari to review the stay order of the court of appeals. Since the case is "in" the court of appeals within the meaning of 28 U. S. C. § 1254, the Court would presumably have jurisdiction to grant the writ if it chose to do so in the exercise of its discretion. *New York Times Co.* v. *United States,* 403 U. S. 942 (1971). See also *Far East Conference* v. *United States,* 342 U. S. 570 (1952). But the exercise of such power by the Court is an extremely rare occurrence. Supreme Court Rule 20.

The losing litigant might likewise proceed by a motion to vacate the stay presented to the full Court. But since my authority under Rules 50 and 51 of the Court is coextensive with that of the Court, if I am right in the standards which govern me in exercising jurisdiction under 28 U. S. C. § 1651, the full Court would have no broader authority in such an instance than that which I exercise today.

before granting such a stay as are required of a district court by Fed. Rule Civ. Proc. 65. Perhaps the full Court in the exercise of its supervisory authority could impose such a requirement, even though no rule or statute does, but certainly a Circuit Justice in chambers may not do so. A court in staying the action of a lower court, see *O'Brien* v. *Brown,* 409 U. S. 1, 3 (1972), or of an administrative agency, *Sampson* v. *Murray,* 415 U. S. 61 (1974), must take into account factors such as irreparable harm and probability of success on the merits. But in the absence of a statute, rule, or controlling precedent there is no fixed requirement that a court recite the fact that it has taken these into consideration, or explain its reason for taking the action which it did.

It is thus not dispositive that the Court of Appeals failed to specifically address in terms the factors of irreparable harm and probable success on the merits. But this does not mean that the Court of Appeals' action in entering the stay is entirely beyond review. For if the record convincingly demonstrates that the Court of Appeals could not have considered each of these factors at all and the effect of its decision is shown to pose a danger of irreparable harm impairing this Court's ability to provide full relief in the event it ultimately reviews the action of the Court of Appeals on the merits, I believe that I should afford the interim relief sought.

The following description of the order of the court, and its instructions to counsel, is taken from the Secretary's application, but is not disputed in material portion by respondents:

> "When the case was called for oral argument the court announced to the parties that it was uncertain about the status of MVSS 121 due to the modification proposed by NHTSA [National Highway Traffic Safety Administration], that it did not under-

stand the contentions of the parties on the merits, and that it was suspending the operation of MVSS 121 forthwith for a minimum period of 60 days, after which it would continue the suspension while entertaining appropriate motions from the parties. The court instructed the parties to submit an order whose terms would require the parties to agree upon another order setting forth the issues in controversy, the parties' position on each issue, the documents in the record relevant to the issues, and the uncontroverted facts, or, failing such agreement, to pay for the services of a 'master,' to be appointed by the court, who would examine the pleadings, the record, and the briefs and submit to the court for approval a proposed order fixing the issues and record for review."

I can readily understand the uncertainty of the Court of Appeals with respect to the issues in controversy, the parties' position on them, and the like. I have resolutely resisted the efforts of both parties to dispel my own uncertainty on these issues, which remains pristine. Congress in a complex statute has imposed an arduous burden on the Secretary's delegate, and then provided for judicial review under the Administrative Procedure Act, 5 U. S. C. § 701 *et seq.*, which places enormously difficult burdens on the Court of Appeals. But the complexity of the issue does not change the time-honored presumption in favor of the validity of the Administrator's determination, nor shift the burden of showing probable success from the shoulders of the parties who seek to upset that determination. See *FPC* v. *Hope Natural Gas Co.*, 320 U. S. 591, 602 (1944); *Permian Basin Area Rate Cases*, 390 U. S. 747, 767 (1968).

I do not find the Court of Appeals' direction to the parties with respect to the formulation of issues and

stipulation as to the record to be consistent with a finding, which must be implied since it is not expressed, that respondents would probably succeed on the merits of their petition to set aside the standard promulgated by the Secretary's delegate. Moreover, applicant has persuasively urged that the Government will suffer irreparable harm if MVSS–121 is not permitted to remain in effect during the pendency of the litigation on the merits. Congress' desire "to reduce traffic accidents and deaths and injuries to persons resulting from traffic accidents," § 1, 80 Stat. 718, 15 U. S. C. § 1381, is currently being pursued under the statutory scheme by requiring compliance with prescribed motor vehicle safety standards at the time of vehicle manufacture. 15 U. S. C. § 1397 (a)(1). Presently, vehicles manufactured while a standard is not in effect may be later sold or transferred without restriction and may thereby find their way to the highways although not in compliance with safety requirements properly deemed necessary by the Secretary.

As long as the stay entered by the Court of Appeals remains in effect, manufacturers are free to produce as many vehicles as they can and so may obtain substantial stockpiles of noncomplying vehicles for later sale. The Secretary has represented to me that vehicle manufacturers such as respondents may, during the initial 60-day period of the Ninth Circuit's stay, be able to produce enough vehicles to satisfy anticipated demand for as much as a full year thereafter. I do not understand this suggestion to be seriously disputed by respondents.

Thus, even if the stay ordered by the Court of Appeals is ultimately dissolved and the Secretary's decision upheld on the merits, the goals of the federal motor vehicle safety program will have been dealt a serious setback.

Effective implementation at the manufacturing stage of the congressionally mandated safety program will have been delayed for a year or more. And the natural desire on the part of operators to obtain a fleet of the cheaper, noncomplying vehicles while they are still available may cause increased purchases of such vehicles now, resulting in a subsequent prolonged depression in the market for complying vehicles if and when the safety standard is again effective. This predictable eventuality will further impede Congress' intention to promote improved highway safety as expeditiously as is practicable.

The Secretary has, in my opinion, therefore not only shown that the Court of Appeals did not evaluate the likelihood of respondents' success on the merits, but has in addition shown that the harm flowing from the stay issued by the Court of Appeals could not be redressed by an ultimate decision, either in that court or this, in his favor on the merits.

The Secretary's motion to vacate the stay order entered by the Court of Appeals on January 16, 1976, is therefore granted, without prejudice to the right of respondents or any of them to renew their application for a stay of the standard in the Court of Appeals agreeably to the rules and practices of that court.