**UNITED STATES of America, et al., Petitioners,**

v.

**GILBERT C. SWANSON FOUNDATION, INC., et al., Respondents.**

CV 84–0–480.

United States District Court, D. Nebraska.

Jan. 18, 1985.

al government.

See also, 772 F.2d 440.

Douglas Semisch, Asst. U.S. Atty., Omaha, Neb., for petitioners.

Robert J. Murray, Kennedy, Holland, DeLacy & Svobo, Omaha, Neb., for respondents.

## MEMORANDUM AND ORDER

BEAM, District Judge.

This matter is before the Court upon the motion (filing 12) of petitioners to vacate a stay. A hearing on the motion to vacate was held on December 21, 1984, and the matter was then submitted to the Court for decision. The Court finds that the stay should be vacated, subject to certain conditions.

This action involves a petition to enforce an Internal Revenue Service (IRS) summons. After an earlier hearing, the Court decided that the summons should be enforced. The respondents then appealed to the Eighth United States Circuit Court of Appeals and sought, and received, a stay of the enforcement order issued by this Court. The petitioners urge reconsideration and vacation of the stay.

In determining whether to stay enforcement of an IRS summons, the Court should consider

(1) whether irreparable harm will result unless a stay is granted;

(2) the likelihood that appellant will prevail on the merits;

(3) the extent to which harm to other interested persons may result; and

(4) the public interest.

*Coleman v. PACCAR, Inc.*, 424 U.S. 1301, 1304–08, 96 S.Ct. 845, 847–49, 47 L.Ed.2d 67 (1976).

The substantive argument of respondents is that petitioners violated IRS rules, regulations and orders in the issuance and service of the summons. Specifically, respondents cite Treas.Reg. § 301.7602–1(b), which states, in part:

The Commissioner may designate any employee of the Internal Revenue Service as the individual before whom a person summoned pursuant to Section ... 7602 shall appear.

In response to this regulation, a delegation order was adopted which states, in part, as follows:

The authority to issue summonses except 'John Doe' summons and to perform the other functions related thereto specified in paragraph 1(a) of this order is delegated to the following officers and employees except that in the instance of a summons to a third party witness, the issuing officer's case manager, group manager, or any other supervisory official above that level, has in advance personally authorized the issuance of the summons. Such authorization shall be manifested by the signature of the authorizing officer on the face of the original and all copies of the summons or by a statement on the face of the original and all copies of the summons, signed by the issuing officer, that he/she had prior authorization to issue said summons and stating the name and title of the authorizing official and the date of authorization.

Delegation Order No. 4 (Revision 14) (Effective July 14, 1983). Respondents con-

tend that no authority exists for redelegation.

The summons was duly directed to the "Gilbert C. Swanson Foundation, Inc., 6910 Pacific Street, Suite 104, Omaha, NE 68106." At the time of service upon Gerald E. Sawall, Treasurer of the Foundation, the agent added the words "Gerald E. Sawall as Treasurer for" and substituted the address of 3335 North 93rd Street, Omaha, NE 68134 for the Pacific street location. These additions and substitutions, respondents reason, violate the regulation and the delegation order to the extent that respondents "administrative due process" is violated.

 The Court rejected these allegations after the first hearing. First, there was no evidence that respondents had asserted procedural objections prior to asserting them in this Court. They were, therefore, waived. *See, e.g., United States v. Myslajek*, 568 F.2d 55 (8th Cir.1977), *cert. denied*, 438 U.S. 905, 98 S.Ct. 3123, 57 L.Ed.2d 1147 (1978). Second, the deviations of the IRS, if any, caused no material harm to respondents since Gerald E. Sawall was, indeed, the Treasurer for Gilbert C. Swanson Foundation, Inc., and a person upon whom the summons could be properly served. Authority for such an approach is found in *United States v. Bank of Moulton*, 614 F.2d 1063 (5th Cir.1980) where the court said:

> We, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons. Nothing in the language of the Code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances, including the government's good faith and the degree of harm imposed by the unlawful conduct.

*Bank of Moulton*, 614 F.2d at 1066.

The Court finds that respondents will not succeed upon the merits of their conten-

tions upon appeal. Accordingly, the order (filing 11) should be reconsidered and the stay vacated. However, the vacation should not commence until fifteen (15) days after the date of this memorandum in order that the respondents may seek a stay from a judge of the United States Court of Appeals for the Eighth Circuit. Therefore,

IT IS ORDERED as follows:

1. The motion (filing 12) to reconsider should be and hereby is sustained.

2. The order (filing 11) to stay should be and hereby is vacated, however, the stay shall continue in force and effect for fifteen (15) days after the date of this Order.