No. 85–5319 (A–181). DARDEN *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. C. A. 11th Cir. Upon request of counsel for petitioner, the application for stay of execution has been considered as a petition for writ of certiorari. The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The order of this date denying the application for stay is vacated. The application for stay of execution of the sentence of death is granted pending the sending down of the judgment of this Court. JUSTICE WHITE, JUSTICE REHNQUIST, and JUSTICE O'CONNOR would deny the application.

JUSTICE POWELL, concurring in the granting of the application for a stay.

My vote is to grant the application for a stay, although I find no merit whatever in any of the claims advanced in the petition for certiorari. All of these claims have been carefully considered and repeatedly rejected by the courts below, including as recently as this afternoon the Federal District Court for the Middle District of Florida, and this evening the Court of Appeals for the Eleventh Circuit. Indeed the petition for certiorari was merely the stay application that had been denied, and restyled on the request of counsel as a petition for certiorari. But in view of the unusual situation in which four Justices have voted to grant certiorari

(doing so without waiting for the Court of Appeals to act on Darden's second federal habeas petition that was before that court this evening), and in view of the fact that this is a capital case with petitioner's life at stake, and further in view of the fact that the Justices are scattered geographically and unable to meet for a Conference, I feel obligated to join in granting the application for a stay.

CHIEF JUSTICE BURGER, dissenting.

In the 12 years since petitioner was convicted of murder and sentenced to death, the issues now raised in the petition for certiorari have been considered by this Court four times, see *Darden* v. *Florida*, 430 U. S. 704 (1977) (dismissing certiorari as improvidently granted); *Darden* v. *Wainwright*, 467 U. S. 1230 (1984) (denying certiorari); *Wainwright* v. *Darden*, 469 U. S. 1202 (1985) (vacating and remanding 725 F. 2d 1526 (CA11 1984)); *Darden* v. *Wainwright, ante*, p. 927 (order dated September 3, 1985, denying application for stay), and have been passed upon no fewer than 95 times by federal and state court judges. Upon review of the petition and the history of this case, I conclude that no issues are presented that merit plenary review by this Court. Because we abuse our discretion when we accept meritless petitions presenting claims that we rejected only hours ago, I dissent.