No. 89–7838.  HAMILTON, AS NATURAL MOTHER AND NEXT FRIEND TO SMITH *v.* TEXAS.  Ct. Crim. App. Tex.  Motion of Chris Lonchar Kellogg for leave to intervene denied.  Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BLACKMUN joins, concurring.

I agree with JUSTICE STEVENS that the issue raised in this petition is important and merits resolution by this Court.  I write to express my frustration with the Court's failure to avail itself of the ordinary procedural mechanisms that would have permitted us to resolve that issue in *this* case.

It is already a matter of public record that four Members of this Court voted to grant certiorari before petitioner was executed.

See *Hamilton* v. *Texas*, 497 U. S. 1016 (1990) (Brennan, J., dissenting from denial of application for stay). According to established practice, this fact should have triggered a fifth vote to grant petitioner's application for a stay of his execution.* Indeed, this result flows naturally from the standard by which we evaluate stay applications, a central component of which is "whether four Justices are *likely* to vote to grant certiorari." *Coleman* v. *Paccar Inc.*, 424 U. S. 1301, 1302 (1976) (REHNQUIST, J., in chambers) (emphasis added); see also *Maggio* v. *Williams*, 464 U. S. 46, 48 (1983) *(per curiam)* (same).

In my view, the Court's willingness in this case to dispense with the procedures that it ordinarily employs to preserve its jurisdiction only continues the distressing rollback of the legal safeguards traditionally afforded. Compare *Boyde* v. *California*, 494 U. S. 370, 387–388 (1990) (MARSHALL, J., dissenting) (criticizing diminution in standard used to assess unconstitutional jury instructions in capital cases); *Barefoot* v. *Estelle*, 463 U. S. 880, 912–914 (1983) (MARSHALL, J., dissenting) (criticizing Court's endorsement of summary appellate procedures in capital cases); *Autry* v. *McKaskle*, 465 U. S. 1085, 1085–1086 (1984) (MARSHALL, J., dissenting from denial of certiorari) (criticizing expedited consideration of petitions for certiorari in capital cases).

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, concurring.

This petition for a writ of certiorari raises important, recurring questions of law that should be decided by this Court. These questions concern the standards that the Due Process Clause of

---

*See *Autry* v. *Estelle*, 464 U. S. 1, 2 (1983) *(per curiam)* ("Had applicant convinced four Members of the Court that certiorari would be granted on any of his claims, a stay would issue"); *Darden* v. *Wainwright*, 473 U. S. 928, 928–929 (1985) (Powell, J., concurring in granting of stay); *Straight* v. *Wainwright*, 476 U. S. 1132, 1133, n. 2 (1986) (Powell, J., concurring in denial of stay, joined by Burger, C. J., REHNQUIST, and O'CONNOR, JJ.) (noting that "the Court has ordinarily stayed executions when four Members have voted to *grant* certiorari"); *id.*, at 1134–1135 (Brennan, J., dissenting from denial of stay, joined by MARSHALL and BLACKMUN, JJ.) ("[W]hen four vote to grant certiorari in a capital case, but there is not a fifth vote to stay the scheduled execution, one of the five Justices who does not believe the case worthy of granting certiorari will nonetheless vote to stay; this is so that the 'Rule of Four' will not be rendered meaningless by an execution that occurs before the Court considers the case on the merits").

the Fourteenth Amendment mandates in a hearing to determine whether a death row inmate is competent to waive his constitutional right to challenge his conviction and sentence and whether he has made a knowing and intelligent waiver of this right.

James Edward Smith was convicted of murder and sentenced to death in Harris County, Texas, in 1984. Smith had a substantial history of mental illness, and his mental difficulties prompted a finding by the Texas trial court that he was not competent to represent himself on appeal. Pet. for Cert., Exh. 2, p. 13, Exhs. 4–8, 10–12. After his conviction, Smith vacillated between forceful insistence on prosecuting his own appeal and equally forceful insistence on abandoning any challenge to his conviction or his sentence. Pet. for Cert., Exh. 2, pp. 10–11, Exh. 11, p. 2.

Petitioner is Smith's natural mother. Proceeding as Smith's "next friend," she attempted to establish her standing to litigate on her son's behalf and to have his execution stayed until his competence was established after a full adversarial hearing. She was unsuccessful. On May 23, 1990, without notice to petitioner, the Texas trial court held a nonadversarial hearing, made a finding that Smith was competent to make a decision regarding his execution, and set his execution for 12:01 a.m. on June 26, 1990. Pet. for Cert., Exh. 3.

On June 22, over the dissent of Justice Teague,[1] the Texas Court of Criminal Appeals dismissed petitioner's "Emergency Application for Stay of Execution and Objections to Trial Court's Prior Proceedings." *Ex Parte Hamilton*, No. 18,380–02 (en banc) *(per curiam).* On June 24, petitioner filed in this Court her petition for a writ of certiorari and her application for a stay of

---

[1] "Teague, J., notwithstanding that such might, but probably only will cause a slight delay in carrying out applicant's obvious desire to carry into effect his long held death wish, as well as his strong belief that he will be reincarnated after he is killed, but believing that this Court, at least implicitly, has ruled that in a case such as this one, where the reasonable probability that the defendant is not competent to request that he be put to a premature death, or, to put it another way, to commit legal suicide through the hands of others, has been raised, it is necessary for the trial court to conduct a 'full adversarial hearing' on the issue. Given the possible favorable evidence now available, a 'full adversarial hearing' should now be conducted in this cause. See Ex parte Jordan, 758 S. W. 2d 250 (Tex. Cr. App. 1988). Also see Ford v. Wainwright, 477 U. S. 399 . . . (1986)." *Ex Parte Hamilton*, No. 18,380–02 (Tex. Crim. App., June 22, 1990) (Teague, J., dissenting from order denying application for stay).

Smith's execution. Four Members of the Court voted to grant certiorari[2] and to stay the execution. Nevertheless, the stay application was denied, and Smith was executed on schedule.

Smith's execution obviously mooted this case. The Court has therefore properly denied the petition for a writ of certiorari. This denial, however, does not evidence any lack of merit in the petition;[3] instead, the reason for the denial emphasizes the importance of confronting on the merits the substantial questions that were raised in this case.

---

[2] See *Hamilton* v. *Texas*, 497 U. S. 1016 (1990) (Brennan, J., dissenting from denial of application for stay).

[3] See *Singleton* v. *Commissioner*, 439 U. S. 940, 942 (1978) (opinion of STEVENS, J., respecting denial of certiorari).