915 F.2d 738
 286 U.S.App.D.C. 295
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
WESTERN ELECTRIC COMPANY, INC., and American Telephone and
Telegraph Co., et al.
Southwestern Bell Corporation, Appellant
 No. 89-5106.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 17, 1990.
 
 Before SILBERMAN, STEPHEN F. WILLIAMS and RANDOLPH, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the case is hereby remanded to the District Court for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 This appeal challenges the district court's refusal to grant a waiver from the consent decree. The waiver would permit Southwestern Bell Company (SBC) to own the interexchange links used in its one-way paging services. The district court granted a waiver permitting the Bell Operating Companies (BOCs) such as SBC to engage in that business using leased facilities, but drew the line at ownership. Appellees, who presently lease the facilities to the BOCs, support the refusal to grant the waiver, and the Justice Department asks for a remand to permit the district court to reconsider the question in light of our Triennial Review opinion, United States v. Western Elec.Co., 900 F.2d 293 (1989), cert. denied, 59 U.S.L.W. 3273 (Oct. 9, 1990).
 
 
 5
 Although we reject appellant's strained interpretation of our prior opinion (as it relates to the "market" appellant is planning to enter), we are also unpersuaded by appellees' rather peculiar notion that ownership of paging facilities is a sub-market protected by the consent decree. Moreover, it is not apparent on this record how appellants could--let alone would--"impede competition" in the markets the decree is designed to protect. Nevertheless, because the district court and the Justice Department did not have the benefit of our interpretation of the decree in Triennial Review at the time the waiver request was sought, we think the Justice Department proposes the wisest course and we should remand to the district court. See generally United States v. Western Elec. Co., 907 F.2d 1205 (D.C.Cir.1990).