Edward Anthony ELLIS, Petitioner,

v.

James A. COLLINS, Respondent.

Civ. A. No. H-92-685.

United States District Court,
S.D. Texas,
Houston Division.

March 2, 1992.

David R. Dow, University of Houston Law Center, Houston, Tex., Eden Harrington, Joe Marguelies, Texas Resource Center, Austin, Tex., for petitioner.

Lester Blizzard, Asst. Dist. Atty., Houston, Tex., Bill Zapalac, Asst. Atty. Gen., Criminal Law Enforcement Div., Austin, Tex., for respondent.

## ORDER

HITTNER, District Judge.

Pending before this Court are the petition for writ of habeas corpus, the motion for stay of execution, and the application to proceed in forma pauperis, all filed by petitioner Edward Anthony Ellis ("Ellis"). Also pending before the Court is the motion to dismiss filed by respondent James A. Collins ("Collins"). Having considered the applications and motions, the submissions of both Ellis and Collins, and the applicable law, this Court determines that the petition for writ of habeas corpus should be denied, the motion for stay of execution should be denied, and the application to proceed in forma pauperis should be granted, and the motion to dismiss should be granted in part and denied in part. Further, this Court determines that Ellis should be denied a certificate of probable cause, but should be permitted to proceed in forma pauperis on appeal.

Ellis was indicted in Texas state Cause No. 376057 for the murder of Bertie Elizabeth Eakins ("Eakins") by asphyxiation while in the course of burglarizing her apartment. In March 1983, Ellis was convicted of capital murder. After the jury returned affirmative answers to the two special issues, the court assessed punishment at death by lethal injection. On direct appeal, the Texas Court of Criminal Appeals affirmed the conviction and sentence on July 2, 1986. *See Ellis v. State,* 726 S.W.2d 39 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987).

Ellis then filed his first state application for writ of habeas corpus pursuant to the Texas Code of Criminal Procedure, article 11.07 (Vernon Supp.1991). The state courts denied his application, and Ellis sought relief in federal court. In July 1988, this Court denied Ellis' petition for writ of habeas corpus but granted a certificate of probable cause. In May 1989, the United States Court of Appeals for the Fifth Circuit affirmed the denial of the writ. *See Ellis v. Lynaugh,* 873 F.2d 830 (5th Cir.), *cert. denied,* 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). The United States Supreme Court denied Ellis' petition for writ of certiorari on November 13, 1989.

On January 31, 1992, this Court received notice that Ellis' execution date was set for March 3, 1992. This Court directed Ms. Eden Harringon ("Harrington") of Texas Resource Center, counsel for Ellis, and a representative from the Attorney General's office to appear for a status conference in Houston, Texas, on February 26, 1992. At the conference, the Court advised the Texas Resource Center of its concern for any delay in filing a petition for federal habeas relief.

Ellis subsequently filed his fourth state application for writ of habeas corpus on February 27, 1992. The trial court issued findings of fact and conclusions of law denying all relief requested. On February 28, 1992, the Texas Court of Criminal Appeals denied the relief that Ellis requested.

Harrington then notified this Court that Ellis would not seek federal habeas corpus relief and a stay of execution until Saturday, February 29, 1992. This Court, as well as the Fifth Circuit, went on emergency "stand-by" for the weekend and provided Harrington with an emergency page number for the District Clerk's office. On Saturday at approximately 5:15 p.m., Harrington paged the District Clerk's representative. The Clerk's representative travelled to the United States Courthouse and opened the Clerk's office to accept a filing. Harrington then informed the Clerk's office that she was not prepared to file the application for writ of habeas corpus because she intended to submit additional materials to the state court on Monday, March 2, 1992. March 2, 1992 is Texas Independence Day, a state holiday. The Texas Court of Criminal Appeals denied Ellis' supplemental petition for relief on March 2, 1992, at approximately 3:00 p.m. Professor David Dow of the University of Houston Law Center, new and additional counsel for petitioner, advised the Court that Ellis would seek federal habeas relief at approximately 4:45 p.m. This Court received the instant applications on Monday, March 2, 1992 at 5:25 p.m. Ellis is currently sched-

uled to be executed before sunrise tomorrow, March 3, 1992.

*Application for Writ of Habeas Corpus*

■■■ This Court is authorized by 28 U.S.C. § 2254(a) to "entertain an application for a writ of habeas corpus in behalf of a person ... [who] is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1977). While "[t]he role of federal habeas proceedings [ ] are important in assuring that constitutional rights are observed ... [f]ederal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3392, 77 L.Ed.2d 1090 (1983). "Even less is federal habeas a means by which a defendant is entitled to delay an execution indefinitely." *Id.* A federal habeas corpus court is without authority to correct wrongs other than those "wrongs of [federal] constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 211, 102 S.Ct. 940, 943, 71 L.Ed.2d 78 (1982). Further, when a second or successive federal habeas petition is filed, a stay of execution should not be granted unless "there are substantial grounds upon which relief may be granted." *Delo v. Stokes*, 495 U.S. 320, 110 S.Ct. 1880, 109 L.Ed.2d 325 (1990) (quoting *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3396).

In this, Ellis' second federal petition for writ of habeas corpus, he has presented the following seven issues:

1. Whether Ellis' execution would violate the Eighth Amendment, U.S. Const. amend. VIII, and Fourteenth Amendment, U.S. Const. amend. XIV, because Ellis is "actually innocent" of the crime for which he was convicted.

2. Whether Ellis was deprived of his rights under the Sixth Amendment, U.S. Const. amend. VI, Eighth Amendment, U.S. Const. amend. VIII, and Fourteenth Amendment, U.S. Const. amend. XIV because the prosecution failed to disclose to the defense material, exculpatory evidence regarding Ellis' confession.

3. Whether Ellis was deprived of his rights under the Sixth Amendment, U.S.

Const. amend. VI, and Fourteenth Amendment, U.S. Const. amend. XIV because the prosecution failed to inform the defense of an agreement with material witness in exchange for his testimony and failed to correct perjured testimony by that witness.

4. Whether Ellis was deprived of his rights under the Sixth Amendment, U.S. Const. amend. VI, Eighth Amendment, U.S. Const. amend. VIII, and Fourteenth Amendment, U.S. Const. amend. XIV because the prosecution failed to disclose to the defense material, exculpatory evidence after the defense requested such evidence.

5. Whether Ellis was deprived of his rights under the Sixth Amendment, U.S. Const. amend. VI, and Fourteenth Amendment, U.S. Const. amend. XIV, by being deprived of effective assistance of counsel at trial and throughout his post-conviction proceedings.

6. Whether Ellis was deprived of his rights under the Eighth Amendment, U.S. Const. amend. VIII, and Fourteenth Amendment, U.S. Const. amend. XIV, as interpreted by the Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), by the inability of the jury to consider and act upon mitigating evidence proffered by Ellis during his trial.

7. Whether Ellis was deprived of his rights under the Eighth Amendment, U.S. Const. amend. VIII, and Fourteenth Amendment, U.S. Const. amend. XIV, as interpreted by the Supreme Court in *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), because the prosecutor misled the jury about its responsibility in determining Ellis' punishment.

■■■ As an initial matter, the Court notes that, inasmuch as this is a second federal habeas petition, the Court must determine its ability to entertain the issues presented in light of Rule 9(b) of Rules Governing Section 2254 Cases. *See Sawyer v. Whitley*, 945 F.2d 812, 815 (5th Cir.), *cert. granted*, ⸺ U.S. ⸺, 112 S.Ct. 434, 116 L.Ed.2d 453 (1991) (holding that "[w]hen a condemned prisoner presents successive petitions for a writ of habeas

corpus, the state has a legitimate interest in preventing the prisoner from abusing the writ and using successive petitions as a mere delaying tactic"). Collins has moved to dismiss all of Ellis' claims as an abuse of the writ. This Court has reviewed the claims presented in Ellis' first federal habeas corpus petition and determines that none of the issues raised in the instant petition were presented in the first petition. *See Ellis v. Lynaugh,* 873 F.2d 830 (5th Cir.), *cert. denied,* 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). However, Ellis has failed to satisfy his burden of showing cause for failure to raise the issues presented in the instant writ in the first federal habeas petition and actual prejudice that results from the errors that gave rise to the issues. *Sawyer,* 945 F.2d at 816. The Court finds that Ellis' failure to assert the grounds for relief stated in the instant writ constitutes an abuse of the writ, and the Court hereby dismisses the claims presented in issues ## 2–7. The Court declines to dismiss issue #1 because, inasmuch as it presents a claim of "actual innocence," the Court determines that issue #1 may be excepted from the cause and prejudice requirement. *See Id.* at 817.

■ The Court now addresses Ellis' claim of "actual innocence" on its merits. In issue #1, Ellis relies on newly-discovered exculpatory evidence that someone else, and not he, committed the crime for which he was convicted, and, as such, the Eighth and Fourteenth Amendments to the United States Constitution prohibit his execution. Ellis asserts, for the first time, that Eakins' murder was committed by the late Pablo C. Alonzo ("Alonzo"). In support of this claim, Ellis relies upon: (1) the affidavit of Esperiridiona Alonzo, the wife of the late Pablo Alonzo, (2) a letter allegedly from the late Pablo Alonzo, and (3) the affidavit of Nicholas Garcia.

Ellis analogizes his case to *Herrera v. Collins,* — U.S. —, 112 S.Ct. 1074, 117 L.Ed.2d 279 (1992). In *Herrera,* Leonel Torres Herrera ("Herrera") alleged that his deceased brother Raul committed the offense in the car that Herrera usually drove. *Herrera v. Collins,* 954 F.2d 1029, 1032 (5th Cir.1992), *cert. granted,* — U.S. —, 112 S.Ct. 1074, 117 L.Ed.2d 279 (1992). The Fifth Circuit held that Herrera's claim of "actual innocence" did not present a substantial claim for federal habeas relief. *Id.* at 1031. As the court noted, claims of newly-discovered evidence which cast doubt on the petitioner's guilt are not cognizable in federal habeas corpus petitions. *Id.* at 1033 (citing *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963)); *Boyd v. Puckett,* 905 F.2d 895, 896 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990). *See also Ex parte Binder,* 660 S.W.2d 103, 104–106 (Tex.Crim.App.1983) (holding that newly-discovered evidence supporting a claim of innocence is grounds for new trial but not for relief on collateral review). Thus, the court found that Herrera's claim presented no federal constitutional question and vacated the district court's stay of execution. *Herrera* at 1034.

Based on the unequivocal holding in *Herrera,* this Court finds that Ellis' claim of innocence based on newly-discovered exculpatory evidence does not raise a federal constitutional question. Therefore, the Court finds that Ellis' petition for writ of habeas corpus should be denied.

### Motion for Stay of Execution

■ The Fifth Circuit recently reiterated that standard applicable in deciding whether to issue a stay of execution: [W]e are to consider four factors:

(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Buxton v. Collins,* 925 F.2d 816, 819 (5th Cir.), *stay denied,* — U.S. —, 111 S.Ct. 1095, 112 L.Ed.2d 1197 (1991) (quoting *Byrne v. Roemer,* 847 F.2d 1130, 1133 (5th Cir.1988). While the applicant for stay need not always show a probability of success on the merits, he must present at least

a substantial case on the merits. *Buxton*, 925 F.2d at 817. In order for a substantial case on the merits to exist, the issues must be "debatable among jurists of reason." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983). The issues raised in Ellis' petition for writ of habeas corpus do not present a substantial case on the merits. Settled principles of law govern each of the claims presented herein.

■ Based upon the foregoing this Court determines that Ellis has failed to make a substantial showing that he has been denied a federal constitutional right. This Court further determines that Ellis has not demonstrated a substantial case on the merits.

### Application to Proceed In Forma Pauperis

This Court accepts as true the representation of Ellis' counsel that he has submitted an affidavit in support of his application for leave to proceed in forma pauperis. *See* Application to Proceed in Forma Pauperis, p. 1. As Ellis is indigent, he should be granted leave to proceed in forma pauperis, both at this Court and on appeal.

### Certificate of Probable Cause

As this Court determines herein that both Ellis' petition for writ of habeas corpus and his motion for stay of execution should be denied, the Court also concludes that Ellis is not entitled to a certificate of probable cause. *See* Local Rule of the United States District Court for the Southern District of Texas 19(B). Accordingly, the Court

ORDERS the following:

(1) Collins' motion to dismiss is GRANTED IN PART and DENIED IN PART.

(2) Ellis' petition for writ of habeas corpus is DENIED.

(3) Ellis' motion for stay of execution is DENIED.

(4) Ellis' application to proceed in forma pauperis is GRANTED. Ellis is GRANTED leave to proceed in forma pauperis on appeal.

(5) Ellis is DENIED a certificate of probable cause.