828 S.W.2d 8 (1992)
Ex parte Leonel Torres HERRERA.
No. 12848-05.
Court of Criminal Appeals of Texas, En Banc.
April 13, 1992.
Robert L. McGlasson, Austin, for appellant.
*9 Reynaldo S. Cantu, Jr., Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.
Before the court en banc.

ORDER
OVERSTREET, Judge.
This Court affirmed applicant's capital murder conviction and sentence of death on direct appeal. Herrera v. State, 682 S.W.2d 313 (Tex.Cr.App.1984). This Court has denied post conviction habeas corpus relief to applicant on three separate occasions. The trial court has scheduled applicant's execution to be carried out on or before sunrise, April 15, 1992.
On February 19, 1992, the Supreme Court of the United States, by the vote of four justices, granted applicant's petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit. Herrera v. Collins, ___ U.S.___, 112 S.Ct. 1074, 117 L.Ed.2d 279 (cert, granted). Despite the granting of the petition for writ of certiorari (which only requires the vote of four justices), five justices of the Supreme Court refused to grant applicant a stay of execution.
In response to applicant's dilemma, this Court entered an order vacating the scheduled execution date of February 19, 1992. Ex parte Herrera, No. 71,171. On March 9, 1992, the trial court set the currently scheduled execution date of April 15, 1992.
Applicant's dilemma is no different today than it was on February 19, 1992. This Court finds itself in the unenviable position of having a Texas death row inmate scheduled to be put to death while his case is pending review by the highest court in the land, the Supreme Court of the United States of America. Because of the "rule of five," that Court, which agreed to hear the case on the vote of four justices, but refused to stay the execution, once again creates the ultimate dilemma regarding a Texas death row inmate. Once again a death row inmate needlessly has a carrot dangled before him.
In Hamilton v. Texas, 497 U.S.___, 110 S.Ct. 3262, 111 L.Ed.2d 772 (1990), Justice Brennan stated "Indeed four Members of this Court have voted to grant certiorari in this case, but because a stay cannot be entered without five votes, the execution cannot be halted. For the first time in recent memory, a man will be executed after the court has decided to hear his claim."
Justice Marshall, writing later in Hamilton v. Texas, ___ U.S.___, 111 S.Ct. 281, 112 L.Ed.2d 236 (1990) said, "It is already a matter of public record that four members of the Court voted to grant certiorari before petitioner was executed. According to established practice, this fact should have triggered a fifth vote to grant petitioner application for a stay of execution." See Autry v. Estelle, 464 U.S. 1, 2,104 S.Ct. 20, 21-22, 78 L.Ed.2d 1 (1983); Darden v. Wainwright, 473 U.S. 928, 928-929, 106 S.Ct. 21, 21-22, 87 L.Ed.2d 699 (1985); Straight v. Wainwright, 476 U.S. 1132, 1133, n. 2, 106 S.Ct. 2004, 2005, n. 2, 90 L.Ed.2d 683 (1986).
Suffice it to say, the Texas death row inmate was put to death while his case remained before the Supreme Court and his petition was later dismissed as moot because of his death.
The State and the dissenters on this Court apparently believe that this issue should be decided as a matter of "turf war" i.e., protecting one's jurisdiction.
If the Supreme Court had a simple rule that required the same number to agree to hear as to agree to stay, all problems would be solved. They do not and as a result a Texas death row inmate is in the position of having to ask the highest court in Texas for criminal matters to delay his date with death until they decide his case.
Accordingly, we find under the present circumstances that it would be improper for this Court to allow applicant's execution to be carried out before his petition for writ of certiorari is fully reviewed by the Supreme Court.
Therefore, applicant is granted a stay of execution pending further orders by this Court.
*10 IT IS SO ORDERED THIS THE 13TH DAY OF APRIL, 1992.
CAMPBELL, J., dissents to the granting of a stay of execution.
BENAVIDES, J., not participating.
McCORMICK, Presiding Judge, dissenting to Order granting stay of execution.
Until this case, the Texas Court of Criminal Appeals has exercised abstention in matters which were in litigation in the Federal jurisdiction. Likewise, the Federal courts have exercised comity. McBride v. Estelle, 507 F.2d 903 (5th Cir.1975).
"A petitioner must decide which forum he will proceed in, because this Court will not ... consider a petitioner's application so long as the federal courts retain jurisdiction of the same matter." Ex parte Green, 548 S.W.2d 914 (Tex.Cr.App. 1977), citing Ex parte Powers, 487 S.W.2d 101 (Tex.Cr.App.1972).
The only procedural dilemma in this case is the one a majority has brought upon us. Applicant's writ is in the Federal system.
In his application to this Court for a Stay of Execution, applicant's sole contention is that the trial court was without authority to set a new execution date following the order granted by Judge Clinton of this Court on February 19, 1992, which vacated applicant's execution date of February 19, 1992. Applicant maintains the effect of Judge Clinton's order was a stay of execution of some indeterminate length of time.
The authority of a trial court to set an execution date is contained within Article 43.14, V.A.C.C.P. That statute provides:
"Whenever the sentence of death is pronounced against a convict, the sentence shall be executed at any time before the hour of sunrise on the day set for the execution not less than thirty days from the day the court sets the execution date, as the court may adjudge, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead, such execution procedure to be determined and supervised by the Director of the institutional division of the Texas Department of Criminal Justice."
Applicant has misread Judge Clinton's order of February 19, 1992. The order did nothing more than vacate the execution date of February 19, 1992. The order did not purport to grant a stay of execution pending further orders by this Court or in any manner preclude the ability of the trial court to set another execution date under Article 43.14, supra.
Under the law, the trial court had not only the authority but the duty to set a new execution date since no stay order was in effect.
Applicant does not seek from this Court the relief he is being granted nor does he even allude to the hypothesis that he is in a "procedural dilemma." The order this Court issues today does nothing to protect our own jurisdiction. To hold that, "[i]t would be improper for applicant's execution to be carried out before his petition for writ of certiorari is fully reviewed by the Supreme Court" not only interferes with the Supreme Court's jurisdiction but also ignores the more recent occurrences relating to this exact issue.
In Ellis v. Collins, No. H-92-685, 788 F.Supp. 317 (S.D.Tex. Mar. 2, 1992), aff'd, 956 F.2d 76 (5th Cir.), cert, and stay denied, ___ U.S. ___, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992), the petitioner presented a claim indistinguishable from applicant's: actual innocence based on the admissions of a conveniently deceased person. In addressing this claim, the Fifth Circuit stated:
"Evidence that is newly discovered does not, in itself, entitle a petitioner to federal habeas relief. Federal courts do not retry facts already found by state courts. We are limited in habeas proceedings to assuring that the accused has been afforded the constitutional rights due him. See, Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); Armstead v. Maggio, 720 F.2d 894, 896 (5th Cir. 1983); Boyd v. Puckett, 905 F.2d 895, 896 (5th Cir. 1990), cert, denied, ___ U.S.___, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990). The Supreme Court's recent grant of certiorari in Herrera v. Collins, does not alter this *11 conclusion, especially in view of the High Court's refusal to grant a stay of execution. Herrera v. Collins, ___ U.S.___, 112 S.Ct. 1074, [117] L.Ed.2d [279] (1992) granting cert, but denying stay to 954 F.2d 1029 (5th Cir.1992); Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986) (capital habeas case) (we must continue to follow our precedent even when the Supreme Court grants certiorari on an issue, unless the Supreme Court says otherwise)."
Ellis v. Collins, 956 F.2d 76 (5th Cir. 1992). With only 2 Justices voting for a stay, and none voting for certiorari, the Supreme Court denied a stay and denied certiorari on the same issues raised by applicant. Ellis was executed on March 3, 1992.
As stated in the State's Brief in Opposition to Applicant's Application for Stay of Execution:
"Enrique Carrisalez and David Rucker were gunned down on September 19, 1981, ten and one-half years ago, by Applicant, and, even considering the incredible newly related matters presented by Applicant, no reasonable mind could conclude that Applicant was not the murderer. The courts, the citizens of this state and the families of the victims have a right to have the courts' mandates carried out and to put this case behind them after all this time. State law is clear: Applicant does not state a claim for relief. The facts are clear: Applicant murdered these two officers. The Supreme Court has made it clear on the three occasions it denied stays when presented with the claim that, no matter what rule it may devise on claims of actual innocence, Applicant will not and should not benefit from it. This Court's jurisdiction needs no protection, and the grant of a stay by the Court would frustrate the Texas Constitution's requirement that the Court utilize such stays to enforce its judgments. Hence, the Supreme Court, and only the Supreme Court, should decide whether its jurisdiction needs to be preserved in this case."
I dissent.
WHITE, Judge, dissenting to order granting stay of execution.
Today an aggressive and assertive majority of this Court engaged in an unprecedented matter.
Applicant has no proceeding before us, yet his execution is stayed by the Court. He has legal matters before the U.S. Supreme Court; therefore, his stay of execution should be in that court. How is it reasonable that the applicant can prevail in this Court while his legal matters are entirely in another jurisdiction.
I vigorously dissent to the action of the aggressive and assertive majority sweeping aside prior precedent.