ORDER
OVERSTREET, Judge.
This Court affirmed applicant’s capital murder conviction and sentence of death on direct appeal. Herrera v. State, 682 S.W.2d 313 (Tex.Cr.App.1984). This Court has denied post conviction habeas corpus relief to applicant on three separate occasions. The trial court has scheduled applicant’s execution to be carried out on or before sunrise, April 15, 1992.
On February 19, 1992, the Supreme Court of the United States, by the vote of four justices, granted applicant’s petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit. Herrera v. Collins, — U.S. -, 112 S.Ct. 1074, 117 L.Ed.2d 279 (cert, granted). Despite the granting of the petition for writ of certiorari (which only requires the vote of four justices), five justices of the Supreme Court refused to grant applicant a stay of execution.
In response to applicant’s dilemma, this Court entered an order vacating the scheduled execution date of February 19, 1992. Ex parte Herrera, No. 71,171. On March 9, 1992, the trial court set the currently scheduled execution date of April 15, 1992.
Applicant’s dilemma is no different today than it was on February 19, 1992. This Court finds itself in the unenviable position of having a Texas death row inmate scheduled to be put to death while his case is pending review by the highest court in the land, the Supreme Court of the United States of America. Because of the “rule of five,” that Court, which agreed to hear the case on the vote of four justices, but refused to stay the execution, once again creates the ultimate dilemma regarding a Texas death row inmate. Once again a death row inmate needlessly has a carrot dangled before him.
In Hamilton v. Texas, 497 U.S. -, 110 S.Ct. 3262, 111 L.Ed.2d 772 (1990), Justice Brennan stated “Indeed four Members of this Court have voted to grant certiorari in this case, but because a stay cannot be entered without five votes, the execution cannot be halted. For the first time in recent memory, a man will be executed after the court has decided to hear his claim.”
Justice Marshall, writing later in Hamilton v. Texas, — U.S. -, 111 S.Ct. 281, 112 L.Ed.2d 236 (1990) said, “It is already a matter of public record that four members of the Court voted to grant certiorari before petitioner was executed. According to established practice, this fact should have triggered a fifth vote to grant petitioner application for a stay of execution.” See Autry v. Estelle, 464 U.S. 1, 2, 104 S.Ct. 20, 21-22, 78 L.Ed.2d 1 (1983); Darden v. Wainwright, 473 U.S. 928, 928-929, 106 S.Ct. 21, 21-22, 87 L.Ed.2d 699 (1985); Straight v. Wainwright, 476 U.S. 1132, 1133, n. 2, 106 S.Ct. 2004, 2005, n. 2, 90 L.Ed.2d 683 (1986).
Suffice it to say, the Texas death row inmate was put to death while his case remained before the Supreme Court and his petition was later dismissed as moot because of his death.
The State and the dissenters on this Court apparently believe that this issue should be decided as a matter of “turf war” i.e., protecting one’s jurisdiction.
If the Supreme Court had a simple rule that required the same number to agree to hear as to agree to stay, all problems would be solved. They do not and as a result a Texas death row inmate is in the position of having to ask the highest court in Texas for criminal matters to delay his date with death until they decide his case.
Accordingly, we find under the present circumstances that it would be improper for this Court to allow applicant’s execution to be carried out before his petition for writ of certiorari is fully reviewed by the Supreme Court.
Therefore, applicant is granted a stay of execution pending further orders by this Court.
*10 IT IS SO ORDERED THIS THE 13TH DAY OF APRIL, 1992.
CAMPBELL, J., dissents to the granting of a stay of execution.
BENAVIDES, J., not participating.