KOGAN, Justice,
concurring in part, dissenting in part.
I dissent as to the request for a stay. At a minimum I would grant a stay of execution to be dissolved automatically upon the denial of certiorari or the issuance of a mandate in the action Johnson now is pursuing in the United States Supreme Court. I do not think any civilized society can countenance the possibility that persons might be executed while their appeals still are pending in the nation’s highest court, as has nearly occurred at times in the past. See Ex Parte Leonel Torres Herrera, 828 S.W.2d 8 (Tex.Crim.App.1992).
I otherwise concur with the majority, but do so with a few comments. Johnson argues essentially that this Court now should lift the procedural bar applicable to his case on grounds we did something similar in James v. State, 616 So.2d 668 (Fla.1993). In actuality, I find that this Court in James merely applied retroactively the rule of law announced in Espinosa v. State, — U.S. -, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), which had been issued while Mr. James’ collateral appeal was pending.* That is quite a different matter than lifting a procedural bar to reconsider issues now already litigated to finality, some on multiple occasions.
On that last point, I reiterate my views, expressed earlier, that Larry Joe Johnson’s trial was conducted in a manner that most probably would require reversal if it were conducted today. See Johnson, 612 So.2d at 577-81 (Kogan, J., specially concurring). I remain seriously troubled by the fact that no Florida court has ever given even minimal consideration to the impressive case for mitigation evident in this record, especially the evidence of the physical and mental disabilities Johnson suffered while on military service in Vietnam and elsewhere. I view this failure as contrary to the spirit and letter of the United States Supreme Court’s requirement that every death case must be individualized, and that mitigating evidence must be considered and weighed. It is clear, however, that Florida law bars these matters from any further consideration in this forum.
BARKETT, C.J., concurs.

 The case in James v. State, 615 So.2d 668 (Fla.1993), did not technically involve a procedural bar, because James’ counsel had raised a proper objection to the matter at issue there and had argued the matter on appeal. During a later collateral challenge, the United States Supreme Court issued its opinion rendering this Court’s resolution of the matter erroneous. We therefore applied the new rule of law retroactively out of a sense of fairness.