IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.6,208-10
 





RICKY EUGENE MORROW




ORIGINAL HABEAS CORPUS APPLICATION


 FROM DALLAS COUNTY 




Per Curiam. Keller, P.J. , not participating.



O R D E R




 A Dallas County jury convicted relator of Capital murder and he was sentenced to death. His
conviction and sentence was affirmed on direct appeal. Morrow v. State, 910 S.W.2d 471
(Tex.Crim.App. 1995), cert. denied, 517 U.S. 1192 (1996). Relator filed a post-conviction application
for writ of habeas corpus in the convicting court on October 21, 1996. Respondent recused himself from
hearings on the writ application. This Court denied relief, following the recommendations of the assigned
judge. Ex parte Morrow, No. 6,208-09 (Tex.Crim.App. 2000). Relator filed a petition for writ of habeas
corpus in federal court. Shortly after the Fifth Circuit denied relief and denied rehearing, Morrow v. Dretke,
367 F.3d 309 (5th Cir. 2004), respondent, the presiding judge of the convicting court, signed an order on
June 1, 2004, setting relator's execution, for October 20, 2004.

 Morrow -2-

 Relator argues that since respondent recused himself he may not take any further action in the case. 
Respondent recused himself from hearings on the petition for writ of habeas corpus. No recusal motion on
the hearing to set the date of execution has been brought to the attention of this Court. Even if the presiding
judge of the trial court had erroneously denied recusal from the hearing setting the execution date, the
complaint could be waived if not raised by proper motion. In re Union Pacific Resources Co., 969
S.W.2d 427, 428 (Tex. 1998). Since there is no motion to recuse respondent from the hearing setting the
execution date in the record before this Court, relator's leave to file is denied.

 Relator also argues in his motion to stay the execution that he will be denied full access to the courts
if this Court did not stay the execution because the United States Supreme Court will not consider the merits
of his petition for writ of certiorari until October 29, 2004, nine days after his scheduled execution. In Ex
parte Herrera, 828 S.W.2d 8 (Tex.Crim.App. 1992), we granted a stay where the Supreme Court granted
certiorari but did not stay the execution, based on the voting procedures of that court. Here the Supreme
Court has not granted relator's petition for writ of certiorari and has denied his motion for stay, with three
judges dissenting. We do not feel constrained to act for the Supreme Court on an action before that court. 
Relator's motion for stay is denied.

 IT IS SO ORDERED THIS THE 20TH DAY OF OCTOBER, 2004.