AUTRY v. ESTELLE, DIRECTOR, TEXAS
DEPARTMENT OF CORRECTIONS

No. A–197.   Decided October 3, 1983

PER CURIAM.

Applicant was sentenced to death for killing two people while robbing a convenience store.   His conviction and sentence were affirmed by the Texas Court of Criminal Ap-

peals. *Autry* v. *State*, 626 S. W. 2d 758 (1982). We denied certiorari. 459 U. S. 882 (1982). Applicant then sought habeas corpus in the state system; that request was denied. He then filed for habeas corpus in the Federal District Court, presenting some of the same claims that had been unavailing in the state courts. The District Court held a hearing and filed an opinion denying the writ. In a detailed opinion, the Court of Appeals for the Fifth Circuit affirmed the judgment of the District Court. 706 F. 2d 1394 (1983). It denied rehearing, as well as a stay pending the filing of a petition for certiorari in this Court. Applicant then sought a stay from the Circuit Justice, who referred the application to the Court. Absent a stay, applicant will be executed on October 5.

The application for stay is denied. The grounds on which applicant would request certiorari are amply evident from his application and from the opinions and the proceedings in the District Court and the Court of Appeals. Had applicant convinced four Members of the Court that certiorari would be granted on any of his claims, a stay would issue. But this is not the case; fewer than four Justices would grant certiorari. Applicant thus fails to satisfy one of the basic requirements for the issuance of a stay.

Nor are we inclined to adopt a rule calling for an automatic stay, regardless of the merits of the claims presented, where the applicant is seeking review of the denial of his first federal habeas corpus petition. Applicant has twice sought relief in the state court system. He has also presented his claims to the United States District Court and to the Court of Appeals. None of these judges found sufficient merit in any of applicant's claims to warrant setting aside applicant's conviction or his death sentence. Nor did any of the judges of the Court of Appeals believe that a stay pending certiorari was warranted. Those judges, stating that they were "fully sensitive to the consequence of our judgment and our oaths," 706 F. 2d, at 1408, found each of applicant's claims to be without merit and affirmed the dismissal of his habeas corpus

petition. In these circumstances, it is quite appropriate to deny a stay of applicant's sentence, just as we do in other criminal cases that we are convinced do not merit review in this Court. As the Court said just last Term in *Barefoot* v. *Estelle*, 463 U. S. 880, 887–888 (1983):

> "[I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence, and death penalty cases are no exception. When the process of direct review—which, if a federal question is involved, includes the right to petition this Court for a writ of certiorari—comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials. Even less is federal habeas a means by which a defendant is entitled to delay an execution indefinitely. The procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error."

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

I join JUSTICE STEVENS' dissent, and because I continue to adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), I would, in any case, grant the application for a stay of execution.

JUSTICE STEVENS, with whom JUSTICE BRENNAN, JUSTICE MARSHALL, and JUSTICE BLACKMUN join, dissenting.

Last year the applicant's death sentence was affirmed by the Texas Court of Criminal Appeals. *Autry* v. *State*, 626

S. W. 2d 758, cert. denied, 459 U. S. 882 (1982). On January 14, 1983, the United States District Court for the Eastern District of Texas denied the applicant's first petition for a writ of habeas corpus pursuant to 28 U. S. C. § 2254 after holding an evidentiary hearing. On June 17, 1983, after full briefing and argument, the United States Court of Appeals for the Fifth Circuit issued a carefully prepared 16-page opinion affirming the District Court's denial of the petition. 706 F. 2d 1394. Rehearing was denied on August 4, 1983, and on September 1, 1983, Texas authorities scheduled the applicant to be executed on October 5, 1983. He has applied for a stay of execution pending filing and disposition of a petition for a writ of certiorari. The Texas Attorney General does not oppose the stay application.

The time in which the applicant may file a petition for a writ of certiorari in this Court will not expire until November 2, 1983—four weeks after his scheduled execution. Thus, unless a stay is granted, the applicant will be executed before the applicant's time for petitioning this Court for a writ of certiorari expires.

The stay application makes it clear that the applicant's claims are not frivolous. Moreover, since this is the applicant's first federal habeas corpus proceeding, we are not confronted with the prospect of indefinite delay of execution which exists when an applicant has burdened the judicial system with successive federal petitions. On the other hand, on the basis of the papers that have been filed to date, I must acknowledge that I am presently of the opinion that this applicant will be unable to establish that a writ of certiorari should issue. My opinion, however, is necessarily tentative because the stay application contains only a synopsis of the arguments that counsel intends to make in a certiorari petition that has yet to be filed.

The decision to grant or to deny a stay pending the filing of a petition for a writ of certiorari depends on our assessment of the likelihood that such a petition will be granted and a bal-

ancing of the relative hardships of the parties. When a denial of a stay merely subjects the applicant to a continuing harm pending our decision on a subsequently filed certiorari petition, it is appropriate to deny the application unless the applicant demonstrates a likelihood that his petition will be granted. If it transpires that our tentative assessment of his case was incorrect, that error can be corrected by granting the subsequently filed certiorari petition, though naturally nothing can eliminate the interim harm the applicant suffered. In the instant case, however, a decision on the application is a final decision on the certiorari question—a decision to deny the stay renders a petition moot. The impact of our decision is therefore in no sense tentative, but our assessment of the case can only be a tentative one because it is based on probability rather than actuality. Accordingly, a preliminary negative evaluation of the certiorari question should not be the end of our analysis; we should also balance the relative hardships on the parties. I would strike that balance in favor of any applicant raising a nonfrivolous challenge to his capital conviction in his first federal habeas proceeding. In such a case, the importance of fully informed consideration of the certiorari question predominates over the interests of the State in expeditious execution of its judgment.

In one sense, the practical question that is raised by this stay application is whether the Court should give habeas petitioners on death row the same time to prepare and file certiorari petitions that other litigants receive. Unless the claims are frivolous, I believe that the overriding interest in the evenhanded administration of justice would be served by according an individual raising his first federal habeas challenge to his capital conviction the same opportunity to seek review in this Court as is accorded to other individuals.

The practice adopted by the majority effectively confers upon state authorities the power to dictate the period in which these federal habeas petitioners may seek review in

this Court by scheduling an execution prior to the expiration of the period for filing a certiorari petition. Shortening the period allowed for filing a petition on such an ad hoc basis injects uncertainty and disparity into the review procedure, adds to the burdens of counsel, distorts the deliberative process within this Court, and increases the risk of error. Procedural shortcuts are always dangerous.* Greater—surely not lesser—care should be taken to avoid the risk of error when its consequences are irreversible.

I respectfully dissent.

---

*"In my opinion the preservation of order in our communities will be best ensured by adherence to established and respected procedures. Resort to procedural expediency may facilitate an occasional conviction, but it may also make martyrs of common criminals." *Groppi* v. *Leslie*, 436 F. 2d 331, 336 (CA7 1971) (en banc) (Stevens, J., dissenting).