464 U.S. 1301
 104 S.Ct. 24
 78 L.Ed.2d 7
 James David AUTRY
v.
 W.J. ESTELLE, Jr., Director, Texas Department of Corrections. A-242. Oct. 5, 1983. djQ WHITE, Circuit Justice. Applicant is under a sentence of death imposed by the Courts of Texas. His execution is scheduled to be carried out after midnight of Oct. 4, c.d.t. He has once unsuccessfully sought a writ of habeas corpus from the United States District Court; denial of the writ was affirmed by the Court of Appeals for the Fifth Circuit, 706 F.2d 1394 (1983), and on October 3, 1983, we denied a stay pending the filing of a petition for certiorari. --- U.S. ----, 104 S.Ct. 20, 77 L.Ed.2d ----. Applicant then filed a second petition for habeas corpus, raising grounds not presented in his first petition and hence not before us when we so recently denied a stay of execution. After a hearing, the Dis-
 
 [1302]
 trict Court denied both the writ and a certificate of probable cause, which, under 28 U.S.C. § 2253, is a prerequisite to an appeal. The Court of Appeals then held a hearing, denied the certificate of probable cause, and denied the stay. Applicant has now applied to me for a stay. One of the three grounds on which applicant sought relief in his second habeas corpus petition is the failure of the Texas Court of Criminal Appeals to compare his case with other cases in order to determine whether his death sentence is disproportionate to the punishment imposed on others. That ground as I have said was not presented in his first petition. Although it appears that no such review was in fact carried out in this case, the Court of Appeals held that the Texas death-penalty system, as a whole, satisfies any constitutional requirement with respect to proportionality. I am compelled to issue a certificate of probable cause to appeal, as I am authorized to do under § 2253 and to enter a stay pending the final disposition of the appeal by the Court of Appeals. On March 21, we granted certiorari in No. 82-1095, Pulley v. Harris, --- U.S. ----, 103 S.Ct. 1425, 75 L.Ed.2d 787. In that case, the Court of Appeals for the Ninth Circuit held that a death sentence cannot be carried out by the state of California until and unless the State Supreme Court conducts a comparative proportionality review, which, the court held, was constitutionally required. 692 F.2d 1189 (1982). We shall hear argument in that case in November, and if we affirm the Court of Appeals for the Ninth Circuit, there will be a substantial question whether the views of the Court of Appeals for the Fifth Circuit with respect to the proportionality issue were correct. Of course I do not know how the Court will rule on this question, but in view of the judgment of the Court of Appeals for the Ninth Circuit and in view of our decision to give the case plenary consideration, I cannot say that the issue lacks substance. Accordingly, I hereby issue a certificate of probable cause and stay petitioner's execution pending the final disposition of the appeal by the Court of Appeals, or until the Court's or my further order.
 [1303]
 In my view, it would be desirable to require by statute that all federal grounds for challenging a conviction or a sentence be presented in the first petition for habeas corpus. Except in unusual circumstances, successive writs would be summarily denied. But historically, res judicata has been inapplicable to habeas corpus proceedings, Sanders v. United States, 373 U.S. 1, 7-8, 83 S.Ct. 1068, 1072-1073, 10 L.Ed.2d 148 (1963), and 28 U.S.C. § 2244(a) and 28 U.S.C. § 2254 Rule 9 implicitly recognize the legitimacy of successive petitions raising grounds that have not previously been presented and adjudicated. Clark v. California [104SCt540,464US1304,78LEd2d376] 104 S.Ct. 540 464 U.S. 1304 78 L.Ed.2d 376 William P. CLARK, Secretary of Interior, et al. v. CALIFORNIA et al. WESTERN OIL AND GAS ASSOCIATION, et al. v. CALIFORNIA, et al.
 Nos. A-470, A-471.
 Dec. 20, 1983.
 Justice REHNQUIST, Circuit Justice.
 
 
 1
 Applicants, the Secretary of the Interior and the Western Oil and Gas Association, request that I stay a preliminary injunction issued by the United States District Court for the Central District of California. The United States Court of Appeals for the Ninth Circuit denied the request for a stay without opinion. The preliminary injunction prohibits the Secretary from conducting Lease Sale 73, the sale of 137 designated tracts on the Pacific Outer Continental Shelf for oil and gas leasing. As issued it is effective pending final determination of respondent California's claims, the principle of which is its claim that the Secretary did not prepare an adequate "consistency determination" pursuant to section 307(c)(1) of the Coastal Zone Management Act, 16 U.S.C. § 1456(c)(1), as interpreted by the Court of Appeals for the Ninth Circuit in California v. Watt, 683 F.2d 1253 (1982), cert. granted, Clark v. California, Nos. 82-1326, 82-1327, and 82-1511 (argued November 1, 1983).
 
 Section 307(c)(1) provides:
 
 2
 "Each Federal agency conducting or supporting activities directly affecting the coastal zone shall conduct or support those activities in a manner which is, to the maximum extent practicable, consistent with approved state management programs." 16 U.S.C. § 1456(c)(1) (emphasis added).
 
 
 3
 In Clark v. California, supra, the Court will decide whether the Secretary's sale of oil and gas leases is an activity "directly affecting" the coastal zone within the meaning of section 307(c)(1). Unless the Court answers that question in the affirmative, there is no statutory requirement at this stage of the project that the Secretary prepare the "consistency determination" which the District Court deemed inadequate and which formed the basis of its decision to issue the injunction in this case.
 
 
 4
 Having examined the submissions of the parties, I have decided to stay the preliminary injunction pending this Court's resolution of the question presented in Clark v. California, concluding as I do that in the interim the traditional considerations affecting the award of equitable relief favor the applicants.
 
 
 5
 
 It is so ordered.