JUNE 20, 1989

No. A–1008 (88–7235). GILMORE *v.* ARMONTROUT, WARDEN, 490 U. S. 1114. Motion of respondent to vacate the order staying the execution of sentence of death entered by JUSTICE BLACKMUN on June 16, 1989, granted.

JUSTICE BLACKMUN, dissenting.

In an order issued June 12, 1989, 490 U. S. 1114, this Court denied George Gilmore's petition for a writ of certiorari to the

United States Court of Appeals for the Eighth Circuit, which had reversed the United States District Court's grant of relief under 28 U. S. C. § 2254. On the following day the Chief Justice of the Missouri Supreme Court set Gilmore's execution for 12:01 a.m., Wednesday, June 21, 1989, less than nine days after our order issued. On Friday, June 16, I issued a stay of execution to allow Gilmore to file a timely petition for rehearing with this Court. The State of Missouri moved later that day to vacate the stay, and today the Court has granted that motion. In doing so it has endorsed the State of Missouri's unseemly rush to execution and has sanctioned the decision of the Chief Justice of Missouri to ignore the usual deadline of 25 days set by this Court for filing petitions for rehearing. See this Court's Rule 51.1. Although I am far from certain that the claims presented by Gilmore would have moved the Court to grant rehearing, the claims are far from frivolous, as the District Court's grant of habeas relief makes clear. The Court's action today means that we shall never have the opportunity to consider those arguments as they might have been developed by counsel during the 25 days normally allowed for petitions for rehearing to be filed.

I granted the stay which the Court vacates today because the initial application contained "only a synopsis of the arguments that counsel intend[ed] to make" in the petition for rehearing. *Autry* v. *Estelle*, 464 U. S. 1, 4 (1983) (STEVENS, J., dissenting). Whether the relevant time period is that for filing a petition for a writ of certiorari, as was the case in *Autry*, or for a petition for rehearing, as in this case, our time limits are based upon the expectation that counsel needs the amount of time specified by our Rules in order to develop legal arguments that fit the specific requirements of this Court. Here, rather than just repeating the arguments contained in his petition for certiorari, Gilmore's counsel was required to limit the grounds of the petition "to intervening circumstances of substantial or controlling effect or to other substantial grounds not previously presented." This Court's Rule 51.2. It is unrealistic to think that even the most resourceful counsel would be able to do this in less than nine days. Forcing Gilmore to present his claims in such a fashion "injects uncertainty and disparity into the review procedure, adds to the burden of counsel, distorts the deliberative process within this Court, and increases

the risk of error." *Autry, supra,* at 6. That was my view when I granted the stay in this case; it remains my view today.

JUSTICE STEVENS, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

For the reasons stated by JUSTICE BLACKMUN, I would deny the motion to vacate the stay.