15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald Lee DEERE, a/k/a Running Deer, Petitioner-Appellee,
v.
Daniel VASQUEZ, Warden of the California State Prison at San
Quentin, Respondent-Appellant.
 No. 92-55648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 25, 1994.*
Decided Feb. 7, 1994.
 
 Before: HUG, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Deere was sentenced to death by a California state court for murder. Ultimately, the sentence of death was affirmed by the California Supreme Court on direct appeal. Deere's petition to the California Supreme Court for a writ of habeas corpus was denied. Deere then filed in the federal district court a petition for appointment of counsel and for a stay of execution stating that he intended to pursue his federal remedies through a petition for habeas corpus. The district court appointed counsel and entered a stay of execution for 45 days. At that time, no execution date had been set by the state court. Thereafter, the district court entered an order clarifying the earlier order, in which the district court ordered that all state court proceedings related to the execution of Deere's sentence, including the setting of an execution date, be stayed for 45 days to permit the appointment of counsel.
 
 
 3
 The State appealed the order contending that the district court lacked jurisdiction to enter a stay prior to the filing of a petition for a writ of habeas corpus. This issue is controlled by our decision in Brown v. Vasquez, 952 F.2d 1164 (9th Cir.1991), cert. denied, 118 L.Ed.2d 435 (1992), in which we held the district court had jurisdiction to enter a stay of execution upon the filing of a petition to appoint counsel even though it was prior to the filing of a petition for a writ of habeas corpus. We recognize that the Fifth Circuit reached a different conclusion in McFarland v. Collins, 7 F.3d 47 (5th Cir.), cert. granted, 126 L.Ed.2d 446 (1993), wherein the holding was that the district court lacked jurisdiction until a petition for habeas corpus was filed. Certiorari has been granted by the Supreme Court to review that decision. Until there is a contrary ruling by the Supreme Court, we are bound by our decision in Brown.
 
 
 4
 Since the filing of this appeal, counsel has been appointed and a petition for a writ of habeas corpus has been filed. Deere contends the appeal should be dismissed for mootness. The State argues that the appeal should not be dismissed because of the exception to the mootness doctrine where the issue is capable of repetition yet evading review, citing, e.g., Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1469 (9th Cir.1992).
 
 
 5
 We need not delve into the complexities of the mootness question because even if the State is correct, this panel would be bound by the authority of Brown. We find no significant difference in the district court's staying the setting of the date of execution and staying the date of execution after it has been set by the state court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3