**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**AUGUST SESSION, 1998**



**FILED**

**February 10, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **ZIP GILLESPIE,** | ) | **C.C.A. NO. 02C01-9703-CR-00088** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOHN P. COLTON** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

FOR THE APPELLANT:

PAMELA J. DREWERY
416 E. Lafayette St.
P. O. Box 3267
Jackson, TN  38303

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DOUGLAS D. HIMES
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM L. GIBBONS
District Attorney General

ROBERT CARTER
Assistant District Attorney
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Zip Gillespie was found guilty of second degree murder and was sentenced as a Range II multiple offender to thirty years in prison. In this appeal, Appellant challenges the post-conviction court's denial of his petition for post-conviction relief as well as the trial court's determination of his sentence, presenting the following issues for review:

> 1) whether the post-conviction court erred in proceeding to an evidentiary hearing on Appellant's pro se petition;
> 2) whether the post-conviction court erred in concluding that Appellant received effective assistance of counsel at trial;
> 3) whether the post-conviction court erred in failing to determine whether Appellant waived his right to counsel at his sentencing hearing; and
> 4) whether the trial court erred in determining Appellant's sentence.

After a review of the record, we affirm the judgments of the courts below.

## I. FACTS

On November 5, 1991, Appellant was indicted for second degree murder. Subsequently, the Shelby County Public Defender's Office was appointed to represent him. A trial ensued and Appellant was convicted of second degree murder. Counsel for Appellant filed a timely motion for a new trial. Two days later, Appellant filed a motion to proceed pro se and the trial court granted his request. The Appellant then filed a pro se "petition for new trial," but at the time of sentencing, he withdrew his pro se motion and relied on the motion filed by his former counsel. The trial court overruled the motion and the Appellant filed a timely, pro se notice of appeal.

In the initial appeal of the conviction this Court remanded the case to the trial court for appointment of counsel on direct appeal. State v. Gillespie, 898 S.W.2d 738 (Tenn. Crim. App. 1994). Counsel was appointed and the appeal proceeded, with the sole issue being whether there was sufficient evidence of self-defense to warrant an acquittal. State v. Zip Gillespie, No. 02C01-9302-CR-00024, 1995 WL 454030, at *2 (Tenn. Crim. App., Jackson, Aug. 2, 1995). This Court held that this issue had no merit and affirmed the judgment of the trial court. Id. at *4.

On September 18, 1995, Appellant filed a pro se petition for post-conviction relief, presenting a myriad of allegations. Counsel was appointed, and evidentiary hearings were held on June 27, July 19, and July 22, 1996. The post-conviction court found that after removing "mere rhetoric" from the twenty-two overlapping and repetitive claims in Appellant's pro se petition, the petition basically made three allegations that Appellant had received ineffective assistance of counsel at trial: 1) trial counsel failed to investigate witnesses and call them on Appellant's behalf, 2) trial counsel failed to argue a theory of self-defense, and 3) counsel failed to present certain physical evidence supporting the claim of self-defense. On September 6, 1996, the post-conviction court denied the petition, finding that Appellant had failed to prove the allegations in his petition by clear and convincing evidence. Specifically, the court found that trial counsel had investigated witnesses and made legitimate strategic decisions in not calling certain witnesses, counsel had carefully articulated a theory of self-defense at trial, and counsel was not deficient in the decision to refrain from introducing certain physical evidence in the case.

## II. PROCEEDING ON THE PRO SE PETITION

Appellant contends that the post-conviction court erred in proceeding to the evidentiary hearing on the pro se petition. Specifically, Appellant claims that the pro se petition was so inadequate that the court should have required counsel to amend the petition before proceeding to the evidentiary hearing. However, Appellant fails to cite any authority that supports this contention. Appellant relies only on Swanson v. State, 749 S.W.2d 731 (Tenn. 1988) and Martucci v. State, 872 S.W.2d 947 (Tenn. Crim. App. 1993). However, this reliance is misplaced. These decisions held that it is improper for a post-conviction court to summarily dismiss a pro se petition that presents a colorable claim without the appointment of counsel to amend the petition under former Tennessee Code Annotated §§ 40-30-101 et seq.[1] In this case, Appellant's petition was not summarily dismissed. Indeed, the post-conviction court appointed counsel to represent Appellant at the evidentiary hearing which lasted for three days. Further, the court heard testimony from six witnesses, including testimony from Appellant on all three days of the hearing. The court specifically advised Appellant that he would be able to testify as to all of his allegations. At the conclusion of his redirect testimony, Appellant and his counsel engaged in the following colloquy:

Q: [Appellant's counsel] All right. Mr. Gillespie, so we've gone over all the things that you wanted to get in?

A: [Appellant] Yes, sir.

_____

[1]There is nothing in the current version of the statute that requires a post-conviction court to require amendment of a pro se complaint before it can proceed to an evidentiary hearing. See Tenn. Code Ann. § 40-30-202 (1997). In addition, the Tennessee Supreme Court has upheld the dismissal of a pro se petition that failed to make a colorable claim when the petitioner was given both the aid of counsel and a reasonable opportunity to amend the petition after counsel was appointed, and no amended petition was prepared or filed. Gable v. State, 836 S.W.2d 558, 559–60 (Tenn. 1992).

This was clearly not the type of summary dismissal with which the Swanson and Martucci courts were concerned. This issue has no merit.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Although Appellant's Brief is somewhat unclear on this point, Appellant basically contends that the post-conviction court's denial of relief was error because Appellant had in fact received ineffective assistance of counsel at trial. In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). See also Scott v. State, 936 S.W.2d 271, 272 (Tenn. Crim. App. 1996). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). The burden of establishing that the evidence preponderates otherwise is on the petitioner. Henley v. State, 960 SW.2d 572, 579 (Tenn. 1997).

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn.1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). The petitioner has the burden or proving that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). The test in Tennessee for determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in

-5-

criminal cases. <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>Alley v. State</u>, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997).

In this case, Appellant has failed to establish that the evidence preponderates against the post-conviction court's finding that Appellant received effective assistance of counsel at trial. Indeed, in his brief, Appellant fails to make any argument that trial counsel's performance was deficient or that Appellant was somehow prejudiced thereby. Nor does Appellant's brief contain any argument that challenges the post-conviction court's findings. Indeed, we hold that after a review of the record and the pleadings, there is substantial evidence to support the post-conviction court's finding that Appellant received effective assistance of counsel. This issue is meritless.

### IV. FAILURE TO ADDRESS LACK OF COUNSEL AT SENTENCING

Appellant contends that the post-conviction court committed reversible error in failing to determine whether he waived his right to counsel at his sentencing hearing. The State argues that Appellant has waived this issue because he failed to raise it in his direct appeal. We agree.

When viewing the assortment of claims contained in Appellant's post-conviction petition, it is difficult to determine whether he ever asked the court to consider this claim. However, even if he did, the court correctly declined to address this issue because it has been waived. <u>See</u> Tenn. Code Ann. §§

40-30-206(g), -210(f). These provisions of the Post-Conviction Procedure Act provide, in pertinent part, that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-206(g). Further, "[t]here is a rebuttable presumption that a ground for relief not raised in a court of competent jurisdiction in which the ground could have been presented is waived." Tenn. Code Ann. § 40-30-210(f). In this case, there is no good reason for the failure of Appellant and his appointed counsel to raise this issue in Appellant's direct appeal. Indeed, no reason is given. Therefore, this issue has been waived.

Even if this issue had not been waived, Appellant cannot seek review of the length of a sentence in a post conviction proceeding unless the sentence is illegal. See Andrea Jones v. State, No. 02C01-9603-CR-00084, 1997 WL 68330, at *1 (Tenn. Crim. App., Jackson, Feb. 20, 1997) (citing Tenn. Code Ann. § 40-35-401(a) (1989)). Indeed, Appellant concedes in his brief that "post-conviction is not the proper vehicle for asking for a review of sentence."

Accordingly, the judgments of the courts below are AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE