# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY SESSION, 1998

FILED

May 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **BILLY ALDRIDGE,** | ) | **C.C.A. NO. 02C01-9701-CC-00021** |
| | ) | |
| Appellant, | ) | |
| | ) | **LAKE COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JOE G. RILEY, JR., JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                   FOR THE APPELLEE:

**WILLIAM K. RANDOLPH**            **JOHN KNOX WALKUP**
120 N. Mill Street, Suite 303         Attorney General & Reporter
P.O. Box 611
Dyersburg, TN  38025-0611         **KENNETH W. RUCKER**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243

**G. STEPHEN DAVIS**                **C. PHILLIP BIVENS**
District Public Defender              District Attorney General

**CLARENCE U. COCHRAN, JR.**        **KAREN WINCHESTER**
Assistant Public Defender             Assistant District Attorney General
P.O. Box 742                          P.O. Drawer E
Dyersburg, TN  38025                 Dyersburg, TN  38025


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Billy Aldridge, appeals from the order denying his petition for post-conviction relief. Petitioner was convicted of aggravated assault following a jury trial in the Lake County Circuit Court. This court affirmed on direct appeal. State v. Billy Aldridge, No. 02C01-9509-CC-00279, Lake County (Tenn. Crim. App., at Jackson, April 17, 1996). Petitioner subsequently filed a petition for post-conviction relief. This petition was subsequently denied following a hearing by the trial court. In this petition, Petitioner argues he was denied the effective assistance of counsel in the jury selection process. We affirm the judgment of the trial court.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In reviewing the Petitioner's Sixth Amendment claim of ineffective assistance of counsel, this court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

This court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim.

App. 1980). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

Specifically, Petitioner contends that he received ineffective assistance of counsel in the jury selection process due to trial counsel's failure to use the peremptory challenge on jurors who were prison employees. Trial counsel testified that he was appointed to represent Petitioner in the case, in which the criminal act was alleged to have occurred in the State's correctional facility in Lake County. During voir dire, counsel was aware that several of the potential jurors were employees of the Tennessee Department of Correction. Counsel recalled asking if any of the jurors or the jurors' relatives worked at the prison or in law enforcement. Then, counsel asked all of the jurors if they had any general knowledge regarding the facts of the case and whether the fact that they or their relatives were employees of the prison would make a difference in their ability to decide the case on the facts. Counsel recalled that none of the potential jurors responded in the affirmative. Furthermore, counsel voir dired on the importance of the Petitioner's right to a fair trial and whether the jurors had any doubts in their mind regarding whether they could give Petitioner a fair trial and decide it on the basis of the evidence.

Counsel stated that he was well aware that many people from the jury pool work at the prison in his county, but that he had to accept what their answers were

on voir dire as to whether they could be fair and just and whether they knew anything about the facts that would prejudice them. Specifically, counsel knew of two (2) of the twelve (12) jurors who decided Petitioner's case who actually worked for the Tennessee Department of Correction. After voir dire, counsel exercised five (5) peremptory challenges. Counsel then asked Petitioner if this jury was acceptable to him, and Petitioner stated that he had no objection to the final selection. Ultimately, counsel stated that he was satisfied that the jury chosen was the best he could choose from the potential jury pool.

The trial court, in a memorandum opinion and order denying post-conviction relief, found that Petitioner received the effective assistance of counsel and denied Petitioner relief. Specifically, the trial court found that:

> Counsel was aware of all persons who served on the jury that were employed at the prison as well as the family connections. No person remained on the jury who had any kind of direct knowledge concerning this incident. Counsel made strategical and tactical choices with regard to the jury selection. Petitioner approved the 12 jurors before the last round of peremptory challenges. Petitioner has shown no prejudice as a result of the jurors who actually decided the case. This issue is without merit.

In addition to the trial court's opinion denying post-conviction relief, Petitioner raised a similar issue on direct appeal. A panel of this court found that upon review of the entire record in this case with regard to the claim of juror bias, the claim was not supported as the Petitioner failed to establish any bias.

In the context of ineffective assistance of counsel, Petitioner has failed to prove by a preponderance of the evidence that his trial counsel's decisions during voir dire were uninformed. Counsel was aware of the potential jurors' employment with the Tennessee Department of Correction, and he used tactical and strategic

-4-

questioning in order to determine whether any bias existed against Petitioner. This issue is without merit.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
JOHN H. PEAY, Judge