SCHLESINGER ET AL. *v.* HOLTZMAN ET AL.

No. A–175.   Decided August 4, 1973

MR. JUSTICE MARSHALL, Circuit Justice.

On August 1, 1973, I, as Circuit Justice for the Second Circuit, denied an application to vacate a stay entered by the United States Court of Appeals for the Second Circuit on July 27, 1973, staying the order of the District Court for the Eastern District of New York dated July 25, 1973.

On August 2, Elizabeth Holtzman and others, plaintiffs in the original action, presented an application to MR. JUSTICE DOUGLAS.   A hearing was then set in Yakima, Washington, on Friday, August 3.   On August 3, an order was issued by MR. JUSTICE DOUGLAS vacating the stay entered by the Court of Appeals on July 27, 1973, and thereby reinstating the order of the United States District Court for the Eastern District of New York.

On August 4, the Solicitor General presented an application for a stay of the order of the United States District Court for the Eastern District of New York.

Since the action of the Court of Appeals in granting a stay is set aside, the only order extant in this case is

the order of the District Court dated July 25, 1973. The instant application calls on me to deal directly with that order of the District Court.

In the ordinary course, a Justice acting as a Circuit Justice would defer acting with respect to a District Court order until the Court of Appeals had acted, but in the present circumstances the Court of Appeals has already acted and the consequence of the order of Mr. JUSTICE DOUGLAS is to set aside the Court of Appeals order.

The consequence of the Court of Appeals' stay order of August 1, 1973, was to preserve the status quo until it could act on the merits. The Court of Appeals, having originally expedited a hearing on the merits to August 13, 1973, has since further expedited the hearing on the merits to August 8, 1973.

*Now therefore,* the order of the District Court dated July 25, 1973, is hereby stayed pending further order by this Court.

I have been in communication with the other Members of the Court, and THE CHIEF JUSTICE, MR. JUSTICE BRENNAN, MR. JUSTICE STEWART, MR. JUSTICE WHITE, MR. JUSTICE BLACKMUN, MR. JUSTICE POWELL, and MR. JUSTICE REHNQUIST agree with this action.

MR. JUSTICE DOUGLAS, dissenting.

The order I entered August 3, 1973, in *Holtzman* v. *Schlesinger* not only vacated the stay of the Court of Appeals but also reinstated the judgment of the District Court. I mailed it on August 3, 1973, and reported its contents to the Clerk's office. My order of August 3, 1973, reads as follows:

"ORDER

"On application of petitioners and after oral argument it is ordered:

"(1) that the stay of the District Court's order

entered by the Court of Appeals on July 27, 1973 is vacated and

"(2) that the order of the District Court of July 25, 1973 enjoining Defendants from participating in any way in military activities in or over Cambodia or releasing any bombs which may fall on Cambodia is hereby restored.

*"W. O. Douglas*

"August 3, 1973."

My Brother MARSHALL in his opinion of August 4, 1973, misstates the facts when he says that "the only order extant in this case is the order of the District Court." A correct statement would be that the most recent order in this case was my order of August 3, 1973, reinstating the order of the District Court, which would thus leave the Court of Appeals free to act on the merits and give full relief or, alternatively, permit this Court to reverse me. Under my Brother MARSHALL's order of August 4, 1973, only this Court can act to give injunctive relief.[1]

The Court has unquestioned power to reverse me; and although I disagree with the Court's action on the merits, that is not the point of this dissent. If we who impose law and order are ourselves to be bound by law and order, we can act as a Court only when at least six of us are present. That is the requirement of the Act of Congress;[2] and heretofore it has been the practice to summon the Court to Special Term. Seriatim telephone calls cannot, with all respect, be a lawful substitute. A Con-

---

[1] The Court takes a bite out of the merits, for the order of August 4, 1973, bars the Court of Appeals from reinstating the judgment of the District Court until and unless this Court acts, as the order states that the order of the District Court "is hereby stayed pending further order by this Court."

[2] "The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum." 28 U. S. C. § 1.

ference brings us all together; views are exchanged; briefs are studied; oral argument by counsel for each side is customarily required. But even without participation the Court always acts in Conference and therefore responsibly.

Those of the Brethren out of Washington, D. C., on August 4, 1973, could not possibly have studied my opinion in this case. For, although I wrote it late on August 3, it was not released until 9:30 a. m. on August 4; and before 3 p. m., August 4, I was advised by telephone that eight Members of the Court disagreed with me. The issue tendered in the case was not frivolous; the Government on oral argument conceded as much. It involved a new point of law never yet resolved by the Court. I have participated for enough years in Conferences to realize that profound changes are made among the Brethren once their minds are allowed to explore a problem in depth. Yet there were only a few of the Brethren who saw my opinion before they took contrary action.

Whatever may be said on the merits, I am firmly convinced that the telephonic disposition of this grave and crucial constitutional issue is not permissible. I do not speak of social propriety. It is a matter of law and order involving high principles. The principles are that the Court is a deliberative body that acts only on reasoned bases after full consideration, and that it is as much bound by the law of the land as is he who lives in the ghetto or in the big white house on the hill. With all respect, I think the Court has slighted that law. The shortcut it has taken today surely flouts an Act of Congress providing for a necessary quorum. A Gallup Poll type of inquiry of widely scattered Justices is, I think, a subversion of the regime under which I thought we lived.

One Justice who grants bail, issues a stay of a mandate, or issues a certificate of probable cause cannot under the

statutory regime designed by Congress vacate, modify, or reverse what another Justice does.[3]   The Court, of course, can do so—and only the Court [4]—but when the Court acts it must have six Members present.

---

[3] The statutes authorizing individual Justices of this Court to affirmatively grant applications for such actions do not authorize them to rescind affirmative action taken by another Justice. See, e. g., 28 U. S. C. § 2101 (f) (stays of mandate); 28 U. S. C. § 2241 (a) (writs of habeas corpus); 18 U. S. C. § 3141 and Fed. Rule Crim. Proc. 46 (a)(2) (granting of bail).

[4] This requirement of collegial action is confirmed by the Rules of this Court and by this Court's prior decisions and practices.

Rules 50 and 51 govern the in-chambers practices of the Court. Rule 50 (5) provides that, when one Justice denies an application made to him, the party who has made the unsuccessful application may renew it to any other Justice. It was pursuant to this Rule that application for the stay in this case was made to me. But neither Rule 50 nor Rule 51 authorizes a party, once a stay has been granted, to contest that action before another individual Justice.

The Court has previously deemed it necessary and proper to meet together in Special Term before stays granted by an individual Justice out of Term could be overturned.   In *Rosenberg* v. *United States*, 346 U. S. 273, the full Court felt constrained to consider its power to vacate a stay issued by an individual Justice, finally resting that power on the Court's position—as a body—as final interpreter of the law:

"We turn next to a consideration of our power to decide, in this proceeding, the question preserved by the stay. It is true that the full Court has made no practice of vacating stays issued by single Justices, although it has entertained motions for such relief. But reference to this practice does not prove the nonexistence of the power; it only demonstrates that the circumstances must be unusual before the Court, in its discretion, will exercise its power.

"The power which we exercised in this case derives from this Court's role as the final forum to render the ultimate answer to the question which was preserved by the stay.

.     .     .     .     .

". . . [T]he reasons for refusing, as a matter of practice, to vacate stays issued by single Justices are obvious enough. Ordinarily the stays of individual Justices should stand until the grounds upon

Under the law as it is written, the order of MR. JUSTICE MARSHALL of August 4, 1973, will in time be reversed by that Higher Court which invariably sits in judgment on the decisions of this Court. The order of August 4, 1973, in this case would be valid only if we had the power to agree by telephone that the rules framed by Congress to govern our procedures should be altered. We have no such power. What Members of the Court told Brother MARSHALL to do on August 4, 1973, does not, with all respect, conform with our ground rules. It may have been done inadvertently, but it is nonetheless not a lawful order. Therefore, I respectfully dissent.

---

which they have issued can be reviewed through regular appellate processes.

"In this case, however, we deemed it proper and necessary to convene the Court to consider the Attorney General's urgent application." *Id.,* at 286–287 (footnote omitted).

Finally, it is our procedure during a Term of Court to take an application that has already been denied or acted upon by one of the Justices to the entire Court upon an application made by the opposing side, so that the entire Court can act and thus prevent "shopping around." That course is not possible during recess when the Justices are scattered around the country and throughout the world. Therefore it has been my practice if I grant a stay during recess to make that stay effective only until the Court convenes in October. This course could not be followed in the instant case because after August 15, 1973, the case will be moot.