461 U.S. 1303
 103 S.Ct. 1810
 75 L.Ed.2d 924
 VOLKSWAGENWERK A.G.
v.
Joseph and Barbara FALZON, etc.
No. A-875.
 April 29, 1983.
 
 Justice O'CONNOR, Circuit Justice.
 
 
 1
 Under Rule 44.4, the Justices of this Court will not entertain an application for a stay unless the applicant has first sought relief from the appropriate lower court or courts, except "in the most extraordinary circumstances." I conclude that this case presents most extraordinary circumstances and will therefore entertain the application and grant a stay.
 
 
 2
 The applicant is a German corporation that is defending an action in the Michigan state courts. The plaintiffs in that action seek to depose a number of employees of the applicant, all of whom reside in the Federal Republic of Germany. Attempting to prevent the depositions in the trial court, the applicant argued that the method the plaintiffs sought to employ violated the Convention on Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. § 1781, a treaty to which the United States and the Federal Republic of Germany are parties. See Department of State, Treaties in Force 249 (1983). The trial court denied the motion, and the Michigan Court of Appeals denied leave to appeal. The applicant then sought review in the Michigan Supreme Court. Meanwhile, the trial court ordered that the depositions take place on or before August 30, 1982, and the plaintiffs filed notice to take the depositions on August 23, 1982. The applicant then applied to the Michigan Supreme Court for an emergency stay of the order and for immediate consideration of the order. When the state supreme court did not act, the applicant sought a stay from this Court, and on August 23, 1982, THE CHIEF JUSTICE granted a stay pending final disposition of the appeals before the Michigan Supreme Court. Volkswagenwerk A.G. v. Falzon, A-191, O.T.1981 (order of August 23, 1982). He later denied a motion to vacate the stay. Volkswagenwerk A.G. v. Falzon, A-191, O.T.1981 (order of September 2, 1982).
 
 
 3
 On February 22, 1983, the Michigan Supreme Court denied the applicant's application for leave to appeal. At that point, the stay entered by THE CHIEF JUSTICE expired by its own terms. The plaintiffs then filed notice of taking depositions, scheduling the depositions for May 2, 1983. On April 4, 1983, the applicant sought a stay of the depositions from the Michigan Supreme Court, pending disposition of its appeal to this Court of the earlier judgment of the Michigan Supreme Court. The state supreme court has not acted, so the applicant now seeks a stay from this Court pending disposition of the appeal here.
 
 
 4
 In granting the stay pending the disposition of the appeal to the Michigan Supreme Court, THE CHIEF JUSTICE must have concluded that there was a substantial chance that four Justices would agree to consider the case on the merits, that there was a significant chance that the applicant would prevail, and that the injury resulting from the denial of a stay would be irreparable. See generally Graves v. Barnes, 405 U.S. 1201, 1203-1204, 92 S.Ct. 752, 753-754, 30 L.Ed.2d 769 (1972) (POWELL, J., in Chambers). Since the question on the merits is unchanged, it is essentially the "law of the case" that a stay would be appropriate, unless, of course, the response presents new information. Cf. Shlesinger v. Holtzman, 414 U.S. 1321, 1324-1325, and nn. 3, 4, 94 S.Ct. 11, 12-13, and nn. 3, 4 (1973) (Douglas, J., dissenting) (single Justice not empowered to vacate stay granted by another Justice); R. Stern and E. Gressman, Supreme Court Practice 866-867 (5th ed. 1978) (same). Consequently, the failure of the Michigan Supreme Court to act promptly should not prevent a member of this Court from entertaining an application to stay the order pending final disposition of the appeal in this Court. Proper deference to the Michigan Supreme Court, however, requires that the court have an opportunity to dispose of the stay application before it. Accordingly, I grant the stay pending disposition of the application for a stay in the Michigan Supreme Court.