# SUPREME COURT OF THE UNITED STATES

_____

No. 13A452

_____

PLANNED PARENTHOOD OF GREATER TEXAS SUR-
GICAL HEALTH SERVICES ET AL. *v.* GREGORY
ABBOTT, ATTORNEY GENERAL
OF TEXAS ET AL.

ON APPLICATION TO VACATE STAY

[November 19, 2013]

The application to vacate the stay entered by the United States Court of Appeals for the Fifth Circuit on October 31, 2013, presented to JUSTICE SCALIA and by him referred to the Court, is denied.

JUSTICE SCALIA, with whom JUSTICE THOMAS and JUSTICE ALITO join, concurring in denial of application to vacate stay.

We may not vacate a stay entered by a court of appeals unless that court clearly and "'demonstrably'" erred in its application of "'accepted standards.'" *Western Airlines, Inc.* v. *Teamsters*, 480 U. S. 1301, 1305 (1987) (O'Connor, J., in chambers) (quoting *Coleman* v. *Paccar Inc.*, 424 U. S. 1301, 1304 (1976) (Rehnquist, J., in chambers)). The dissent promises to show that the Fifth Circuit committed such error when it granted a stay in this case, see *post,* at 3 (opinion of BREYER, J.), but that promise goes unfulfilled. Instead, the dissent mentions six "considerations," most of which bear no discernible relationship to the "accepted standards" we have hitherto told courts to apply. The dissent's analysis is inconsistent with the "great deference" we owe to the Court of Appeals' decision, *Garcia-Mir* v. *Smith*, 469 U. S. 1311, 1313 (1985) (Rehnquist, J., in chambers)—deference that "is especially warranted

when," as here, "that court is proceeding to adjudication on the merits with due expedition," *Doe* v. *Gonzales*, 546 U. S. 1301, 1308 (2005) (GINSBURG, J., in chambers).

When deciding whether to issue a stay, the Fifth Circuit had to consider four factors: (1) whether the State made a strong showing that it was likely to succeed on the merits, (2) whether the State would have been irreparably injured absent a stay, (3) whether issuance of a stay would substantially injure other parties, and (4) where the public interest lay. See *Nken* v. *Holder*, 556 U. S. 418, 434 (2009). The first two factors are "the most critical." *Ibid.*

The Court of Appeals analyzed the first factor at length and concluded that the State was likely to prevail on the merits of the constitutional question. The dissent does not join issue with that conclusion; it says only that the question is "difficult." *Post*, at 4. Standing alone, that observation cuts *against* vacatur, since the difficulty of a question is inversely proportional to the likelihood that a given answer will be clearly erroneous. With respect to the second factor, the Court of Appeals reasoned that the State faced irreparable harm because "'[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" *Maryland* v. *King*, 567 U. S. __, __ (2012) (ROBERTS, C. J., in chambers) (slip op., at 2–3) (quoting *New Motor Vehicle Bd. of Cal.* v. *Orrin W. Fox Co.*, 434 U. S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). The dissent does not quarrel with that conclusion either. It thus fails to allege *any* error, let alone obvious error, in the Court of Appeals' determination that the two "most critical" factors weighed in favor of the stay.

One might think that would be the end of the matter. Yet the dissent asserts that "the balance of harms tilts in favor of [the] applicants," *post,* at 4—presumably referring to the third relevant factor, whether the stay would substantially injure third parties. The Court of Appeals, of

course, acknowledged that applicants had "made a strong showing that their interests would be harmed" by a stay, but it concluded that "given the State's likely success on the merits, this is not enough, standing alone, to outweigh the other factors." ___ F. 3d ___, ___ 2013 WL 5857853, *9 (CA5, Oct. 31, 2013). The dissent never explains why that conclusion was clearly wrong: In particular, it cites no "'accepted standar[d],'" *Western Airlines, supra,* at 1305, requiring a court to delay enforcement of a state law that the court has determined is likely to withstand constitutional challenge solely because the law might injure third parties.

The Court of Appeals concluded that the fourth factor also favored the stay, reasoning that the State's interest in enforcing a valid law merges with the public interest. See *Nken*, *supra*, at 435. The dissent declines to criticize that reasoning, though we are presumably meant to infer from its disapproving comments about the stay's "seriou[s] disrupt[ion of the] status quo," *post,* at 3, that the dissent believes preservation of the status quo—in which the law at issue is not enforced—is in the public interest. Many citizens of Texas, whose elected representatives voted for the law, surely feel otherwise. But their views go unacknowledged by the dissent, which again fails to cite any "'accepted standar[d]'" requiring a court to delay enforcement of a state law that the court has determined is likely constitutional on the ground that the law threatens disruption of the status quo.

In sum, the dissent would vacate the Court of Appeals' stay without expressly rejecting that court's analysis of *any* of the governing factors. And it would flout core principles of federalism by mandating postponement of a state law without asserting that the law is even *probably* unconstitutional. Reasonable minds can perhaps disagree about whether the Court of Appeals should have granted a stay in this case. But there is no doubt that the applicants

have not carried their heavy burden of showing that doing so was a clear violation of accepted legal standards— which do not include a special "status quo" standard for laws affecting abortion.  The Court is correct to deny the application.